BRADLEY, Judge.
This is a workmen’s compensation case.
Employee, Joseph D. Glenn, was working at a plant owned by his employer, the Kent Corporation, on March 5, 1980 when he allegedly fell and injured his back while trying to move a four hundred and fifty pound drum. Employee notified the corporation of his accident, complaining of a disabling pain in his back, and he was subsequently sent to be examined by the company doctor. The employer notified its insurance carrier of the accident, and the carrier began to pay temporary total disability benefits to employee.
The company doctor, after examining employee, was unable to find a medical reason for employee’s alleged pain. Employee was thereafter referred to a group of orthopedic surgeons for further tests. The orthopedic surgeons, after extensive testing and hospitalization of employee, were also unable to find anything medically wrong with employee, and on May 20, 1980 one of the surgeons issued a “return to work” slip to employer, stating that in the doctor’s judgment employee had received the maximum medical benefit from that group of doctors, and could return to work.
When the insurance carrier received notice of the “return to work” slip issued by the doctor, it discontinued the compensation benefits. Employee thereafter instituted suit in the Jefferson County Circuit Court in January of 1981, claiming additional temporary total disability benefits and/or permanent total disability benefits. Employee continued to see additional doctors in an attempt to discover the medical reason behind his pain. The record indicates that prior to and during the course of the suit for compensation, employee was examined by at least nine doctors, ranging from general practitioners to orthopedic surgeons to psychiatrists. None of these doctors could find anything medically wrong with employee. Employee nevertheless claims that since the date of his accident his pain and disability have gotten steadily worse, and as a result he cannot hold a job.
The circuit court found in favor of the employer, denying employee’s claim for additional workmen’s compensation benefits. The circuit court noted that there was “a serious question as to whether or not the plaintiff did suffer an injury by accident which arose out of and in the course of his employment,” but found that this was “not dispositive of the issues in this case in that the testimony as presented does not satisfy the burden of establishing any loss of earning capacity.” Employee appeals from that decision.
*1068 Employee initially contends that the trial court erred to reversal in failing to make a finding as to whether employee’s alleged injuries arose out of and occurred in the course of his employment. It is a settled rule that the trial court has a duty to make a finding on each issue presented and litigated before the court, and that failure to do so requires reversal. Harbin v. United States Steel Corp., 356 So.2d 179 (Ala.Civ.App.1978). The question of whether the employee suffered a work-related injury was presented to the trial court for decision and the trial court failed to find as a fact that the employee had incurred a work-related injury. The failure to so find does not, however, require a reversal of this case.
The trial court held that the dispositive issue in the case was the failure of the employee to establish “any loss of earning capacity.” And, this court will not reverse the trial court for a ruling which could not have legally affected the result of the trial. Clevenger v. State, 369 So.2d 563 (Ala.Civ.App.1979). A finding as to whether employee’s injuries were work-related would not have affected the decision of the trial court, given its finding that employee had not proven any loss of earning capacity. Employee would not be entitled to any compensation benefits in either case.
In reviewing workmen’s compensation awards, this court is limited to a determination of whether there is any legal evidence, or reasonable inferences therefrom, to support the facts as found by the trial court. If those findings are supported by any legal evidence, they shall be conclusive and will not be disturbed on appeal. Defense Ordinance Corp. v. England, 52 Ala.App. 565, 295 So.2d 419 (1974).
The trial court found that employee was not entitled to additional temporary disability benefits or to permanent disability benefits, based on a lack of proof as to employee’s loss of earning capacity. Proof of loss of earning capacity is necessary to entitle employee to compensation benefits under Alabama’s workmen’s compensation statute, with the exception of those scheduled disabilities found in § 25-5-57(a)(3), Code 1975. See Defense Ordinance Corp. v. England, supra; § 25-5-57(a)(3)(g) and -57(a)(4)(d), Code 1975.
Employee candidly admits that none of the doctors who have examined him have been able to find any medical reason for his alleged back and leg pains. No evidence has been presented as to any psychiatric problems as the basis for employee’s symptoms. Employee continues to complain of debilitating back pains, but at least one group of doctors who examined employee was of the opinion that he could return to work. The court’s decision is further supported by the testimony of Larry Foster, a supervisor for the Kent Corporation, who stated that he had seen employee walking and moving normally just prior to the date of trial.
Based upon the above evidence, we are of the opinion that the trial court’s denial of employee’s request for additional temporary total benefits and permanent disability benefits must be upheld.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.