EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a workmen’s compensation case.
The employee’s complaint as filed on December 30, 1980 sought compensation from his employer for a back injury which occurred on the job on August 5, 1979. He alleged that he was paid workmen’s compensation benefits through December 31, 1979. One of the employer's defenses was the one year statute of limitations.
The employer filed its motions for a summary judgment, attaching an affidavit and cancelled check thereto, stating in substance that that check, dated on December 18,1979, was the last compensation check to the employee. It was payable to the employee for workmen’s compensation through December 25,1979 and it was negotiated by the employee on December 28, 1979. No further or subsequent compensation payments were paid to the employee thereafter.
The employee filed his opposing affidavit. Therein, he stated that he worked off and on and was spasmodically paid workmen’s compensation after his August 1979 injury. He injured his back on two different occasions in 1980 while working for this employer, which injuries were reported to his supervisor. In 1980 he was given a two week paid leave to help improve his back condition.
*1103 The trial court granted the employer’s motion for a summary judgment and the employee appeals.
The facts contained in the employee’s affidavit were outside the actual aver-ments of the complaint. The employer contends that, since those matters were not pertinent to the issues which were made by the pleadings, they were therefore inadmissible in evidence and did not comply with rule 56(e), Alabama Rules of Civil Procedure, which requires that affidavits contain admissible facts. Stated differently, the employer contends that, under the pleadings of the case, the contents of the affidavit of the employee were not relevant and, therefore, could not be considered as offering even a scintilla of competent evidence to overcome the bar of the statute of limitations. No Alabama case is directly on point insofar as we are able to ascertain; however, the following is dispositive of the issue as raised by the argument of the employer.
“One particularly important problem of admissibility is the question of relevance. Some early cases indicated that affidavits are admissible only to prove facts put in issue by the pleadings. However, these cases are inconsistent with the contemporary view of the function of the pleadings and the rejection of the theory of the pleadings doctrine as well as the former rules against variance. Therefore, an affidavit should be excluded only when its irrelevance is clear. Moreover, the court’s power to reject an affidavit should be limited by the policy expressed in Rule 15 that the judge, at his discretion, may allow the pleadings to be amended to conform to the issues presented by the record, which means that the relevance of an affidavit should be tested on the basis of the issues presented on the motion. Although an amendment of the pleadings theoretically may be sought before or after judgment, a motion to amend may be denied if it is unreasonably delayed, or if other circumstances make its grant improper.” (Footnotes omitted.)
10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 2d § 2738 at 479 (1983).
Additionally, regarding the 1980 two weeks paid recuperative leave which was allegedly given to the employee by the employer, wages or sick pay may be classified as compensation under proper circumstances and may thus extend the statute of limitations. Agan v. Union Foundry Co., 404 So.2d 71 (Ala.Civ.App.1981). The employee was not required to plead such a matter since replications are no longer required in Alabama. Rule 7(a), A.R.Civ.P. When the employer pleaded the affirmative defense of the statute of limitations, a responsive pleading thereto by the employee was not required and is permitted only by court order. The statute of limitations averments of the employer’s answer “shall be taken as denied or avoided.’’ (Emphasis supplied.) Rule 8(d), A.R.Civ.P.; 5 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1279 at 355 (1969).
Therefore, the learned trial court was required to consider the employee’s opposing affidavit. It contained a gleam, glimmer, spark, the least bit, the smallest trace, a scintilla of evidence to overcome the bar of the one year statute of limitations. Such scintilla of evidence prevented the rendition of the summary judgment by the learned trial court. Fountain v. Phillips, 404 So.2d 614 (Ala.1981). Accordingly, we are required to reverse and remand this case for further proceedings in the circuit court.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.