This is a workmen's compensation case.
Appellee Flora Dumas (Dumas) is a forty-year-old woman with a sixth-grade education. Her working experience has been as a farm worker, a nurse's aide, and as a waitress and dishwasher.
Dumas had worked for appellant, Gold Kist, for about a month as a line worker in its chicken processing plant when she suffered an on-the-job injury on May 6, 1981. *Page 116 
Her boss yelled "move;" she jumped back abruptly to avoid being hit by wire from a broken conveyor belt, jerking her left arm and shoulder. She told Randall Scott, her supervisor, that she had been hurt. He replied that she was "not hurt that bad," and told her to work the rest of the day, which she did. Dumas did not see the company nurse, because the nurse was out for the day.
The following morning Dumas went to Dr. Jenkins who provided her with a prescription and a statement for her employer, indicating she would be unable to work through May 9, 1981. There was conflicting testimony regarding whether the employer received notice of her injury or the doctor's statement.
Some four months later, Dr. Craddock hospitalized Dumas and performed back surgery on her. Conflicting testimony was offered regarding whether the surgery was necessitated by the incident occurring at work on May 6, 1981, or by a cause unrelated to work.
Prior to trial, Dumas went to work in a small restaurant as a short order cook and dishwasher. She currently earns $2.00 an hour at this job. At Gold Kist, she earned $4.10 an hour.
Dumas filed a complaint against Gold Kist, alleging job injury occurring on or about May 6, 1981. After trial, the court awarded Dumas temporary total disability benefits, temporary partial disability benefits and permanent partial disability benefits. A motion for new trial was denied and this appeal followed.
Appellant Gold Kist raises two issues on appeal; (1) that proper notice of the alleged injury was not given as required by § 25-5-78, Code of Alabama 1975, and (2) that the evidence does not support the court's award of disability benefits to Dumas.
Section 25-5-78 contains, in pertinent part:
 "Every injured employee or his representative shall, within five days after the occurrence of an accident, give or cause to be given to the employer written notice of the accident, and the employee, if he fails to give such notice, shall not be entitled to physician's or medical fees nor any compensation which may have accrued under the terms of this article and article 2 unless. . . ."
The purpose of this section is to enable an employer to make a speedy examination, afford proper treatment and protect himself against simulated or exaggerated claims. Ex parte Stith CoalCo., 213 Ala. 399, 104 So. 756 (1925). Oral notice which places the employer on notice that an accident has occurred and that a resultant injury of some degree has occurred is sufficient to satisfy the requirement of § 25-5-78. American Tennis Courts,Inc. v. Hinton, 378 So.2d 235 (Ala.Civ.App.), cert. denied,378 So.2d 239 (Ala. 1979). The statute does not require that an accident must be seen firsthand by the employer. Price Ceiling,Inc. v. Ray, 394 So.2d 58 (Ala.Civ.App. 1981).
In the present case Gold Kist contends that proper notice was not given by Dumas. Billy McClendon, a unit manager for Gold Kist, testified that he had examined all personnel records for Dumas and found nothing to indicate she had ever reported an on-the-job injury. Randall Scott, her supervisor, testified that he did not remember her ever reporting any accident to him on May 6, 1981, or the next day.
Dumas, however, testified that her boss yelled at her to "move" to avoid injury and that immediately after the injury she told her boss and her supervisor that she had been hurt. Dumas' testimony that she gave oral notice to her boss and supervisor was not directly refuted. The supervisor only testified that he did not remember if she had told him. The unit manager only testified that the personnel records reflected no notice given by her. No one directly denied that she had given oral notice of her injury.
Additionally, Dumas gave notice when she handed Dr. Jenkins' statement to Scott, who in turn handed it to "one of the other bosses," McClendon, standing nearby. She *Page 117 
informed them she had seen Dr. Jenkins because of her hurt shoulder. McClendon replied that he could not "use her anymore." Gold Kist introduced evaluation reports indicating Dumas was not performing her work satisfactorily and that she was to be dismissed. The evidence supports a finding that Gold Kist had sufficient notification to satisfy the requisites and purpose of § 25-5-78.
Appellant's other contention on appeal is that the evidence does not support the court's award of disability benefits to Dumas. Gold Kist introduced testimony taken in the depositions of Drs. Jenkins and Craddock tending to show that Dumas' disability was not caused by the incident at work and that she suffered from bursitis, which was not severe enough to keep her from working at the same kind of work she had done any time in the past.
Dumas, on the other hand, testified that although she had suffered before from bursitis in her legs prior to May 6, 1981, she had never suffered before in her arms and shoulders. She further testified that between the time of her injury and the operation, her arm, shoulder and neck continued to hurt and worsen to the point that she could hardly move her arm, sleep or do her housework. She stated that even though the surgery improved her arm and shoulder, she still experienced pain and if she lifted heavy objects, her arm "just gives away on me and it burns and hurts all the time in the muscle or in this spot up here and in this shoulder joint here." Working in the restaurant causes pain and swelling in her arm and hand.
On review we cannot weigh the conflicting evidence in a workmen's compensation case. Instead, we are to determine if there is any legal evidence or reasonable inference therefrom to support the judgment, and if there is, we must affirm. Glennv. Kent Corp., 416 So.2d 1066 (Ala.Civ.App. 1982); Stinson v.Liberty Mutual Insurance Co., 395 So.2d 1032 (Ala.Civ.App. 1981). (Emphasis supplied.) In this case there is legal evidence to support the trial court's decision to award Dumas disability benefits; therefore, we must affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.