This is a workmen's compensation case involving the granting of a summary judgment. *Page 414 
The employer's motion for summary judgment was based upon the contention that the statute of limitations barred recovery by the employee of worker compensation benefits. The employee appeals from the granting of a summary judgment.
The dispositive issue is whether there is a genuine issue of fact regarding the date of the employee's injury. This is true even though the employer contends that "[t]he standard of review in workmen's compensation cases is whether there is any legal evidence to sustain the trial court's finding or conclusion of judgment." Young v. City of Huntsville,342 So.2d 918, 921 (Ala.Civ.App. 1976).
Although this is a workmen's compensation case, this is an appeal from summary judgment. Therefore, the dispositive issue as previously stated is whether there is a genuine issue of fact regarding the date of the employee's injury. Alabama Rule of Civil Procedure 56 (c).
At this point it is appropriate to note the following principle: "[O]n a motion for summary judgment all reasonable inferences from the facts are viewed most favorably to the nonmoving party." Mims v. Louisville Title Ins. Co.,358 So.2d 1028, 1029 (Ala. 1978). When so viewing the evidence, we find the following: The employee injured his right shoulder in March 1980. This injury occurred when he fell from the top of a truck while securing a load of shingles with a tarpaulin. The employee did not seek medical help after this fall, and he continued to work as a truckdriver for the employer. Additionally, the employee injured his right shoulder in January 1981. This injury occurred when he pulled down a ratchet bar to secure a load of merchandise on a truck. The employee got medical help, and he was not able to continue to drive the employer's truck. The employee filed suit for worker compensation benefits in July 1981.
The employer contends that the injury for which compensation is sought occurred in March 1980; therefore, the employee's claim for worker compensation benefits was barred by the one year statute of limitations because the suit was filed in July 1981. The employee contends that the injury for which compensation is sought occurred in January 1981; therefore, the claim for worker compensation benefits was filed within the appropriate time limits.
The statute of limitations for workmen's compensation cases is as follows in pertinent part: "In case of a personal injury, all claims for compensation . . . shall be forever barred . . . unless within one year after the accident one of the parties shall have filed a verified complaint. . . ." Ala. Code §25-5-80 (1975).
Because this is an appeal from summary judgment, we must determine if there is any evidence to indicate that the injury for which compensation is sought occurred in January 1981. Only a scintilla of evidence is required to establish that a genuine issue of fact exists regarding the date of the injury in order to preclude summary judgment. Blount v. Alabama Elec. Co-op.,Inc., 429 So.2d 1101, 1103 (Ala.Civ.App. 1983). Put another way, if there is a scintilla of evidence that the injury for which compensation is sought occurred in January 1981, then a genuine issue of fact exists and summary judgment is improper.
In another workmen's compensation case this court reversed the summary judgment based on the statute of limitations, and we defined a scintilla of evidence as a "gleam, glimmer, spark, the least bit, the smallest trace, a scintilla of evidence to overcome the bar of the one year statute of limitations."Blount v. Alabama Elec. Co-op., Inc., 429 So.2d 1101, 1103
(Ala.Civ.App. 1983). In Blount, the scintilla of evidence was certain testimony in an affidavit. Blount, 429 So.2d at 1103.
In this case there is a scintilla of evidence that the injury occurred in January 1981. There is testimony in a deposition by one of the orthopedic surgeons who examined the employee that the injury could have occurred in January 1981. Additionally, the employee testified in a deposition that the injury for which compensation is sought occurred in January 1981. *Page 415 
Because there is a scintilla of evidence that the injury occurred in January 1981, there is a genuine question of fact regarding the date of the injury. Therefore, summary judgment was improperly granted, and we must reverse.
Additionally, the employer contends the following: (1) summary judgment is proper because the employee failed to give any notice of his injury to employer until eleven months after the March 1980 injury; (2) the employer is not liable for the employee's disability resulting from the January 1981 incident by statute because the failure to adequately notify the employer of the March 1980 injury renders the January 1981 incident a pre-existing injury; and (3) the employer is not liable for the employee's injury by statute because the employee wilfully breached the employer's safety rules.
First, as previously stated, the employer contends that summary judgment is proper because the employee failed to give any notice of his injury to employer until eleven months after the March 1980 injury. We note that the employer relies upon a statute which requires written notice to an employer by an injured employee within ninety days of an accident in order to recover compensation. Ala. Code § 25-5-78 (1975).
There was no written notice in the present case. However, we stated that "it has long been the rule in Alabama that actualnotice is the equivalent of statutory notice." Price Ceiling,Inc. v. Ray, 394 So.2d 58, 60 (Ala.Civ.App. 1981) (emphasis added).
The Supreme Court of Alabama defined the test for "actual notice" as follows: "The aim of the notice is `to advise the employer that a certain employee, by name, received a specified injury in the course of his employment on or about a specified time, at or near a certain place specified.'" Ex parte StithCoal Co., 213 Ala. 399, 400, 104 So. 756, 757 (1925). In this case there is testimony throughout the employee's deposition as follows: "I guess I told them all." "Everyday just about it. They gave me a van there for a while to pull." "I know exactly where I was when I fell and what time of the month it was." "[T]hey wanted to know what day it was or something."
This testimony indicates that the employer was advised within the statutory time limits that the employee injured his shoulder and that the employer was advised of the time and the place of the injury. Consequently, the employer's contention that summary judgment is proper because the employee failed toadequately notify employer of the injury is without merit.
Second, as previously noted, the employer contends that employer is not liable for the employee's disability resulting from the January 1981 incident by statute because the failure to adequately notify the employer of the March 1980 injury renders the January 1981 incident a pre-existing injury. We note that the employer relies upon a statute Which provides as follows: "If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed." Ala. Code § 25-5-58 (1975).
We cannot logically label the January 1981 injury a pre-existing condition because the evidence indicates that it may be the injury for which compensation is sought. Put another way, we stated previously that there is testimony that the injury could have occurred in January 1981.
Third, as previously stated, the employer contends that the employer is not liable for the employee's injury by statute because the employee wilfully breached the employer's safety rules. We note that the employer relies upon a statute that provides in pertinent part: "[N]o compensation shall be allowed for an injury or death caused by the wilful misconduct of the employee. . . ." Ala. Code § 25-5-51 (1975) (emphasis added). *Page 416 
The employer argues that the fact the employee steered the truck with his left hand and shifted gears with his left hand not only violated the employer's safety rules but also precludes worker compensation benefits for the March 1980 injury. We note that the language of the statute precludes compensation for an injury caused by wilfull misconduct. At this point in the proceedings, we cannot state that the employee was injured because he steered the truck with his left hand or because he shifted gears with his left hand. Instead, there is evidence that the injury in March 1980 was caused by a fall from the top of a truck loaded with shingles. Furthermore, there is evidence that the January 1981 injury was caused by pulling down a ratchet bar. Therefore, the contention that summary judgment is appropriate because of wilfull violations of safety rules cannot be sustained.
We would be remiss in not commenting that nothing we have said should be construed as preventing the trial court, based on evidence presented to it, from making any appropriate finding. We have only said that there is evidence that prevents the granting of a summary judgment.
This case is due to be and is reversed. The cause is remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.