INGRAM, Presiding Judge.
This case concerns the notice requirements of the Alabama Workmen’s Compensation Act, § 25-5-78, Ala.Code 1975 (1986 Repl.Vol.).
After an ore tenus proceeding, the trial court found that the employee “gave sufficient notice of his injury even though it may have been in a casual conversation that his toe had a blister or even though he did not know that he had been injured by frostbite.” The employer appeals.
The dispositive issue on appeal is whether there is any evidence to support the trial court’s conclusion that the employee gave sufficient notice.
At the outset, we note that our standard of review in workmen’s compensation cases is extremely narrow. Lowe v. Walters, 491 So.2d 962 (Ala.Civ.App.1986). We are thus limited to an examination of the evidence to determine if there is any legal evidence to support the findings of the trial court. Lowe, supra. If there is any such evidence, we will affirm. Lowe, supra.
*1080 The facts, in pertinent part, reveal that the employee was a truck driver for the employer. In November 1985, the employee was driving through Wyoming when his truck broke down. The employee testified that he was exposed to extremely cold weather while waiting on a replacement truck. When he returned from Wyoming, he talked to his supervisors and told them that the replacement truck had a hard accelerator on it and that he had gotten a blister on the top of his big toe. The record further reveals that, in March 1986, the employee saw a doctor and found out that the blister was not caused from the accelerator, but was actually frostbite. He immediately called his supervisor and relayed this information.
Clearly, § 25-5-78 requires notice of an injury to be given within 90 days. However, written notice is not required if the employer has actual knowledge of the injury and circumstances out of which it arose. B.F. Goodrich Co. v. Martin, 47 Ala.App. 244, 253 So.2d 37 (1971).
The aim of actual notice is “to advise the employer that a certain employee, by name, received a specified injury in the course of his employment on or about a specified time, at or near a certain place specified.” Baggett v. Builders Transport, Inc., 457 So.2d 413, 415 (Ala.Civ.App.1984), quoting Ex parte Stith Coal Co., 213 Ala. 399, 400, 104 So. 756, 757 (1925). But this is not to say that, when applied to the facts in the case before us, the employee was required to diagnose a blister on top of his toe as frostbite. That specific diagnosis came only after the onset of medical complications which manifested themselves from the blister he reported to his employer. If the employer has some information connecting work activity with an injury, it may be put on reasonable notice to investigate further. Russell Coal Co. v. Williams, 550 So.2d 1007 (Ala.Civ.App.1989).
Here, the trial court concluded that the notice requirements of § 25-5-78 were met. After a review of the record and in view of our limited standard of review, we must affirm. Clearly, the employee immediately informed two supervisors that he had a blister on the top of his big toe as a result of some work activity. We find this to be enough in this instance to put the employer on reasonable notice to investigate further.
This case is’ due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.