THOMAS, Judge.
 

 Bobby Long had been employed by Goodyear Tire & Rubber Company, Inc. (“Goodyear”), since 1993; he began working at Goodyear’s Gadsden plant in October 2002. On July 31, 2006, while performing his assigned work as a second-stage tire builder, Long suffered a strain to his left knee. Long was seen at the plant infirmary by Dr. Sabrina Morgan, who diagnosed the strain and who suggested that Long ice his knee at certain intervals. Long followed Dr. Morgan’s treatment suggestions and continued to work.
 

 On September 3, 2006, Long worked the night shift performing a task he referred to as “booking tread.” Long described this job as requiring him to stand, twist, and bend; he also explained that the job required him to move quickly in order to complete the required amount of tread. While twisting and lifting tread, Long experienced a sharp pain in his knee. He testified that he found his supervisor, Greg Johnson, and that he told Johnson that “his knee was bothering him again” and requested that he be allowed to go to the emergency room because the plant infirmary was not staffed on Sunday night. Long testified that he had difficulty walking and that Johnson took him to the time clock to clock out that evening.
 

 Long went to the Gadsden Regional Medical Center, where he reported having injured his knee at work. The following day, September 4, 2006, was Labor Day and the plant was closed. Long did not report to the plant infirmary until September 6, 2006, at which time he again saw Dr. Morgan. On a document entitled “Acute Knee Injury Assessment,” Dr. Morgan noted that Long’s date of injury was July 31, 2006, the date of his earlier knee injury. On the form, Morgan indicated that Long stated: “My knee has been hurting the whole time. It just got worse on Sunday.” Dr. Morgan also indicated on the form that Long should continue the medications prescribed for him by the emergency-room physician and indicated that an MRI should be scheduled. On the same date, September 6, 2006, Long completed a form entitled “Medical Information Release,” in which he authorized Gadsden Regional Medical Center to release the records pertaining to his emergency-room visit and treatment on September 3, 2006, to Goodyear; in the blank indicating the purpose of the release of medical information the words “W/C Review” are written. On September 8, 2006, Dr. Morgan completed a “work restriction permit” restricting Long from kneeling, stair climbing, or being on his feet standing or walking for seven days. On that document, Dr. Morgan noted that Long had a “meniscal tear” of the left knee and included a notation, “ortho consulted,” indicating that an orthopedic consultation either had taken place or would take place. Long stated that he was informed that he was being placed on light duty until the “insurance company” determined whether his injury was work related.
 

 Sometime after September 8, 2006, and perhaps on October 5, 2006, the employees of Goodyear went on strike; the strike ended in January 2007. During that period, Long sought no medical care for his knee injury because, he said, he had not yet received permission to see a doctor. Long returned to work at the conclusion of the strike in early January 2007. An “Associate Report of Incident” appears in the record; although the document is dated September 3, 2006, and indicates that Long signed the document on that date and that he reported the incident to Johnson at 10:35 p.m. on that date, written on
 
 *718
 
 the bottom of the report is the notation “Report received on 1/11/07.”
 

 The records from Goodyear’s plant infirmary reveal that Long reported to Mike Burns, a nurse at the infirmary, that he had increased pain in his knee but that Long did not report that he had suffered a new injury. Burns’s September 6, 2006, notes indicate that Dr. Morgan ordered an MRI of the left knee and that the workers’ compensation insurance carrier had approved the MRI, although the claim regarding Long’s July 31, 2006, knee injury had been closed since August. Burns’s September 27, 2006, note indicates that the MRI revealed a tear in the medial meniscus and that “[tjhis appears to be new harm and damage since original injury on 7/31/06 which was ruled a strain by [Dr. Morgan].” The note also indicates that Long intended to file an injury report and that the workers’ compensation insurance carrier was awaiting the filing of a report to authorize further treatment.
 

 Upon his return to work in January 2007, Long sought and received medical treatment, including surgery, to address his knee injury. Goodyear denied the compensability of Long’s injury and refused to pay for Long’s medical treatment or to pay Long any workers’ compensation benefits. Long sued, seeking workers’ compensation benefits and medical benefits under the Workers’ Compensation Act, Ala.Code 1975, § 25-5-1 et seq.
 

 The trial court held two separate trials in this matter. The first trial, held in February 2008, concerned the issues of notice and compensability; the trial court entered an order on March 3, 2008, determining only that Goodyear had adequate notice of the injury and that Long had established both legal and medical causation of his injury. The second trial, which concerned the degree of Long’s disability and the amount of compensation due Long, was held on June 16, 2008. The trial court entered a judgment awarding Long benefits on August 13, 2008; in that judgment, the trial court specifically referenced the findings and conclusions relevant to its earlier decision on the issues of notice and compensability. Goodyear appeals, arguing only that the trial court’s conclusion that Long gave the requisite notice under Ala.Code 1975, § 25-5-78, is not supported by the evidence.
 

 Our review of this case is governed by the Workers’ Compensation Act, which states in pertinent part: “In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” Ala.Code 1975, § 25-5-81(e)(2). Therefore, this court “will view the facts in the light most favorable to the findings of the trial court.”
 
 Whitsett v. BAMSI, Inc.,
 
 652 So.2d 287, 290 (Ala.Civ.App.1994), overruled on other grounds,
 
 Ex parte Trinity Indus., Inc.,
 
 680 So.2d 262 (Ala.1996). Further, the trial court’s finding of fact is supported by substantial evidence if it is “supported by ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’”
 
 Ex parte Trinity Indus.,
 
 680 So.2d at 269 (quoting
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989), and citing Ala.Code 1975, § 12 — 21—12(d)). Our review of legal issues is without a presumption of correctness. Ala.Code 1975, § 25-5-81(e)(l);
 
 see also Ex parte Trinity Indus.,
 
 680 So.2d at 268.
 

 As noted above, the only issue on appeal is whether the trial court correctly determined that Long gave the appropriate notice to Goodyear of his September 3, 2006, knee injury. Section 25-5-78 reads:
 

 “For purposes of this article only, an injured employee or the employee’s rep
 
 *719
 
 resentative, within five days after the occurrence of an accident, shall give or cause to be given to the employer written notice of the accident. If the notice is not given, the employee or the employee’s dependent shall not be entitled to physician’s or medical fees nor any compensation which may have accrued under the terms of this article, unless it can be shown that the party required to give the notice had been prevented from doing so by reason of physical or mental incapacity, other than minority, fraud or deceit, or equal good reason. Notwithstanding any other provision of this section, no compensation shall be payable unless written notice is given within 90 days after the occurrence of the accident or, if death results, within 90 days after the death.”
 

 In
 
 Jones v. ARD Contracting, Inc.,
 
 910 So.2d 132 (Ala.Civ.App.2004), this court explained the requirement of notice under § 25-5-78 and how that requirement may be satisfied by oral notice instead of the written notice contemplated by the statute.
 

 “‘Section 25-5-78, Ala.Code 1975, provides, in pertinent part, that “no compensation shall be payable [to an injured employee] unless written notice is given within 90 days after the occurrence of the accident....” “An employee is not entitled to workers’ compensation benefits if [he] fails to provide notice.” ’
 

 “Premdor Corp. v. Jones,
 
 880 So.2d 1148, 1153 (Ala.Civ.App.2003) (quoting
 
 Bethea v. Bruno’s, Inc.,
 
 741 So.2d 1090, 1092 (Ala.Civ.App.1999)). ‘The purpose of this section is to enable an employer to make a speedy examination, afford proper treatment and protect himself against simulated or exaggerated claims.’
 
 Gold Kist, Inc. v. Dumas,
 
 442 So.2d 115, 116 (Ala.Civ.App.1983) (citing
 
 Ex parte Stith Coal Co.,
 
 213 Ala. 399, 104 So. 756 (1925)).
 

 “.... As our Supreme Court held in
 
 Ex parte Harris,
 
 590 So.2d 285 (Ala.1991), however, while § 25-5-78, Ala. Code 1975, does generally require written notice, ‘written notice is not required if it is shown that an employer had actual notice of the injury. Oral notice is sufficient to constitute actual notice.’ 590 So.2d at 287. In
 
 Alfa Life Insurance Corp. v. Culverhouse,
 
 729 So.2d 325, 328 (Ala.1999), our Supreme Court explained that written notice is not required because
 

 “ ‘after reading the language now codified at § 25-5-78
 
 in pari materia
 
 with that codified at §§ 25-5-59 and 25-5-88[, Ala.Code 1975,] ... the Court concluded the employer’s actual knowledge should be considered the equivalent of the statutory notice, “in keeping with the humane spirit of compensation laws.”
 
 [Ex parte Stith Coal Co.,]
 
 213 Ala. [399,] 400, 104 So. [756,] 757 [ (1925) ].’ ”
 

 Jones,
 
 910 So.2d at 134.
 

 “ ‘The employee has the burden of proving that the employer had notice or knowledge of the injury.’ ”
 
 United Auto Workers Local 1155 v. Fortenberry,
 
 926 So.2d 356, 359 (Ala.Civ.App.2005) (quoting
 
 Wal-Mart Stores, Inc. v. Elliott,
 
 650 So.2d 906, 908 (Ala.Civ.App.1994)). Whether an employee has proven “[a]ctual knowledge sufficient to remove the written notice requirement is a question of fact to be determined by the trial court.”
 
 Davis v. Paragon Builders,
 
 652 So.2d 762, 764 (Ala.Civ.App.1994). Thus, we must examine the evidence presented by Long and determine whether it is substantial evidence supporting the trial court’s conclusion that Goodyear had actual notice of Long’s September 3, 2006, knee injury.
 

 
 *720
 
 Goodyear focuses on the oral notice Long claims he provided to his supervisor, Greg Johnson.
 

 “Like written notice, oral notice imparts to the employer the opportunity to investigate and to protect itself against simulated and exaggerated claims.
 
 International Paper Co. v. Murray,
 
 490 So.2d 1228 (Ala.Civ.App.),
 
 remanded on other grounds,
 
 490 So.2d 1230 (Ala.1984). Even with oral notification, the employer must be notified that the employee was injured while in the scope of his employment.
 
 James[ v. Hornady Truck Line, Inc.,
 
 601 So.2d 1059 (Ala.Civ.App.1992) ]. The fact that an employer is aware that the employee suffers from a malady or has medical problems is not, by itself, sufficient to charge the employer with actual notice.
 
 Russell Coal Co. v. Williams,
 
 550 So.2d 1007 (Ala.Civ.App.1989). ‘If, however, the employer has some information connecting work activity with an injury, it may be put on reasonable notice to investigate further.’
 
 Russell Coal Co.
 
 Knowledge on the part of a supervisory or representative agent of the employer that a work-related injury has occurred will generally be imputed to the employer.
 
 Beatrice Foods Co. v. Clemons,
 
 54 Ala.App. 150, 306 So.2d 18 (Ala.Civ.App.1975).”
 

 Davis,
 
 652 So.2d at 764.
 

 Goodyear argues that Long’s testimony at trial was that Long told Johnson that “my knee was bothering me again” and that Long wished to seek medical attention. Goodyear contends that those statements only provided to it knowledge that Long was suffering from an injury or medical condition and that those statements were insufficient to put it on notice that Long was claiming that his knee condition was related to his work activities. Goodyear relies in large part on
 
 Premdor Corp. v. Jones,
 
 880 So.2d 1148, 1155 (Ala.Civ.App.2003), in which this court reversed a trial court’s judgment concluding that an employee had given adequate notice when she informed her supervisors that her back was hurting but not that her back pain was related to any work activity.
 

 The employee in
 
 Premdor Corp.
 
 testified that she had informed one supervisor that she “ ‘ “did something to her back” ’ ” and that she had informed another supervisor that “ ‘ “I have hurt my back.” ’ ”
 
 Premdor Corp.,
 
 880 So.2d at 1154. On appeal, however, this court noted that nothing in the employee’s statements to either supervisor indicated that the employee had injured her back while performing any work activity. We reiterated that “ ‘[t]he fact that an employer is aware that an employee has pain or [suffers from] a medical problem is not, by itself, sufficient to charge the employer with actual knowledge.’ ”
 
 Id.
 
 at 1155 (quoting
 
 Russell Coal Co. v. Williams,
 
 550 So.2d 1007, 1012 (Ala.Civ.App.1989)). Instead, we explained, an employee must notify the employer that he or she was injured while performing his or her work duties.
 
 Id.
 

 Although we agree with Goodyear that the statements made at trial by Long do not indicate that he had informed his supervisor that he had injured his knee while pei-forming his work duties, we cannot agree with Goodyear that the trial court’s conclusion that Goodyear had adequate notice is not supported by other substantial evidence in the record.
 
 See Russell Coal Co. v. Williams,
 
 550 So.2d at 1012-13 (considering other evidence of record besides the employee’s assertion that he had provided oral notice to the employer to determine whether the employer had adequate notice). Long reported to the plant infirmary on September 6, 2006, at which time he indicated that his knee, which had been hurting since his July 31, 2006, injury, had
 
 *721
 
 worsened on Sunday. Although Dr. Morgan indicated that the onset of Long’s complained-of knee injury was July 31, 2006, and although Long himself at first considered the increased pain in his knee to be related to his earlier knee injury, Dr. Morgan ordered an MRI, which revealed a medial meniscus tear — a far different, and more serious, injury than the strain diagnosed on July 31, 2006. Long was required to complete a medical-release form so that the infirmary could obtain his emergency-room treatment records for a “W/C review.” Goodyear received those records, which are included in the medical records from the plant infirmary; the records indicate that Long injured himself at work. During the month of September 2006, infirmary records indicate that Nurse Burns discussed with the workers’ compensation insurance carrier whether the MRI would be authorized and that the MRI revealed a “new” injury, for which the workers’ compensation insurance carrier awaited a formal report before authorizing further treatment.
 

 Notice to a company doctor of a work-related injury has been held sufficient notice to the employer.
 
 Sloss-Sheffield Steel & Iron Co. v. Foote,
 
 231 Ala. 275, 277, 164 So. 379, 380 (1935);
 
 see also Champion Int’l Corp. v. Williams,
 
 686 So.2d 1204, 1206 (Ala.Civ.App.1996) (indicating that notification provided to a company nurse might be sufficient). The documentary evidence in the record supports a conclusion that the staff of the infirmary, and specifically Nurse Burns and Dr. Morgan, were made aware that Long had injured his knee at work on September 3, 2006. In addition, the documentary evidence indicates that Goodyear requested Long’s emergency-room treatment records in order to conduct a workers’ compensation review of Long’s knee injuiy. The emergency-room records indicate that Long had reported that he had injured his knee at work. The documentary evidence indicates that Goodyear had sufficient information to put it on inquiry notice; that is, some information indicated to Dr. Morgan or Nurse Burns that Long’s knee injury was related to his employment, which, in turn, placed on Goodyear the burden of investigating the reported incident further.
 
 Ex parte Singleton,
 
 6 So.3d 515, 519-20 (Ala.2008);
 
 Russell Coal Co. v. Williams,
 
 550 So.2d at 1012 (citing
 
 Greene v. W & W Generator Rebuilders,
 
 302 Minn. 542, 224 N.W.2d 157 (1974)). In fact, the documentary evidence indicates that Goodyear
 
 did
 
 investigate further — by conducting a workers’ compensation review of Long’s knee injury.
 

 The requirement of notice is aimed to permit an employer to have ample opportunity to investigate the claimed accident in order to respond quickly and appropriately to proper claims and in order to protect itself against manufactured claims.
 
 See Gold Kist, Inc. v. Dumas,
 
 442 So.2d 115, 116 (Ala.Civ.App.1983). In addition, actual notice serves “ ‘ “to advise the employer that a certain employee, by name, received a specified injury in the course of his employment on or about a specified time, at or near a certain place specified.” ’ ”
 
 Baggett v. Builders Transp., Inc.,
 
 457 So.2d 413, 415 (Ala.Civ.App.1984) (quoting
 
 Ex parte Stith Coal Co.,
 
 213 Ala. 399, 400, 104 So. 756, 757 (1925)). Although Long at first reported, and Dr. Morgan first concluded, that Long’s September 3, 2006, knee injury was only a flare-up of his initial July 31, 2006, knee injury and not a new injury, we note that an employee is not required to properly diagnose his or her injury before notice of an injury can be deemed sufficient under the Workers’ Compensation Act.
 
 See Robbins Tire & Rubber Co. v. Jackson,
 
 551 So.2d 1079, 1080 (Ala.Civ.App.1989). The post-MRI knowledge on the
 
 *722
 
 part of Nurse Burns and Dr. Morgan that Long’s knee injury was, in fact, a new and different injury than his earlier sprain, the fact that Long furnished Goodyear a medical-release form for his emergency-room treatment records for the purposes of a workers’ compensation review, Long’s testimony that he had informed Johnson that he required medical assistance for his knee injury, and the fact that Johnson had to assist Long in leaving the plant because Long was having trouble walking combine to amount to substantial evidence supporting the trial court’s conclusion that Goodyear had adequate notice that Long had injured his knee at work on Sunday, September 3, 2006. We therefore affirm the trial court’s judgment insofar as it concluded that Long gave adequate notice of his injury to Goodyear.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.