This is a workmen's compensation case.
After ore tenus proceedings, the trial court determined that Stacey Murphy (employee) had suffered an on-the-job injury on *Page 815 
July 8, 1988, which arose out of and in the course of his employment with Brown-Ray Development, Inc. (employer). The trial court determined that the employee was temporarily totally disabled for a period of ten (10) weeks, and suffered a decrease in earning capacity and a permanent partial disability of 15% as a result of the injury. The employer was ordered to pay workmen's compensation benefits accordingly, and the employer appeals.
The issues raised by the employer are: (1) Did the trial court err in determining that notice requirements pursuant to § 25-5-78, Code Ala. 1975, were met? (2) Is the trial court's award of permanent, partial disability supported by the evidence?
 I.
The employer first contends that the employee failed to provide notice of the incident within five days, or as otherwise required by § 25-5-78, Code Ala. 1975. As such, the employer argues that it is not responsible for the accrued medical expenses. There is no challenge to the reasonableness or necessity of the medical expenses.
Proper notice enables an employer to inquire and, if necessary, to protect itself against simulated or exaggerated claims. Russell Coal Co. v. Williams, 550 So.2d 1007
(Ala.Civ.App. 1989). Oral notice can be sufficient to satisfy the requirements of § 25-5-78, Code Ala. 1975, and written notice is not required if it is shown that the employer has actual knowledge of the injury. Russell. Actual knowledge sufficient to remove the written notice requirement is a question of fact in each case. Stinson v. Liberty Mutual Ins. Co.,395 So.2d 1032 (Ala.Civ.App. 1981).
The record reveals that the employee performed manual labor for the employer, usually mowing the grass at various work sites. On the day of the incident, the employee had been performing his usual duties for the employer throughout the day, and, upon returning home from work, collapsed and was rushed to the hospital. It was determined that the employee had a blood clot in the leg that caused the pain and weakness which preceded his collapse. Severe dehydration and fluid loss had caused the blood to thicken and clot, causing a blockage in the employee's right leg. As a result of the incident, the employee suffered hospitalization and incurred medical expenses. He claims to continue to suffer discomfort, weakness, and limited ability to perform the manual work he has always performed.
There was testimony that the employer's foreman, Steve Ray, was with the employee earlier on the day of the incident when the employee complained of weakness and was forced to rest. Additionally, the foreman was summoned to the hospital by the employee's wife within minutes after the workday ended. The foreman went to the hospital the evening of the incident, and he apparently sat with and comforted the employee's wife during the evening of the initial hospitalization.
The employee spent approximately four days in that hospital before being transferred to the Veteran's Administration hospital, where he stayed for six days. The employee's medical doctor was of the opinion that the injury was caused by the excessive work the employee performed in the heat on the day of the incident. The employer knew that the employee was a fifty-eight year-old man who had worked, at the employer's request, in the hot July weather cutting grass for several hours that day and had to request a rest due to weakness earlier in the day. The trial court determined that such information was sufficient to put the employer on reasonable notice that the incident was work-related. After carefully reviewing the entire record, we determine that the finding of the trial court that the employer had the required actual notice that the incident was work-related is supported by the evidence and should not be disturbed.
 II.
The employer next contends that the award of permanent partial disability and a finding of a loss of ability to earn is not *Page 816 
supported by the evidence. The employer argues that there is no evidence of a permanent injury.
Our supreme court recently wrote:
 "Our review in workmen's compensation cases is limited to a determination of whether there was any legal evidence to support the trial court's findings of fact. If any reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom."
Ex parte Patterson, 561 So.2d 236 (Ala. 1990).
The trial court looks to the entire evidence, including its own observations, in making determinations regarding workmen's compensation. We do not weigh the evidence on appeal. Cook v.Munn, 528 So.2d 881 (Ala.Civ.App. 1988). The trial court has much discretion in determining the loss of earning capacity and may consider such factors as age, education, past work history, and the effect of the injury on the employee's earning ability.DeHart v. Ideal Basic Industries, Inc., 527 So.2d 136
(Ala.Civ.App. 1988).
The record reveals testimony from the employee and the employee's wife regarding the weakness and pain in the employee's leg since the incident, which alters the employee's lifestyle and limits his accessibility to jobs for which he is qualified. The employee has only a ninth-grade education and prior to the incident had performed manual labor. There was evidence that since the incident the employee was laid off by the employer and has had difficulty obtaining employment. After attending training, the employee now works as a security officer.
The deposition of Dr. William Hill, who treated the employee in the emergency room, supported the finding that the incident was work-related and that residual or permanent damage to the employee's physical condition could possibly result from the incident. Dr. Hill testified by deposition that he could not assign a definite percentage of disability to the employee's condition without examining him. He further testified that his prognosis for the employee was guarded and depended simply on whether there were good results in establishing a long-term blood supply to the leg, which could not be determined without follow-up procedures.
Our careful review of the record, with the attendant legal principles, reveals ample evidence supporting the findings of the trial court and the legal conclusions drawn therefrom. Accordingly, the judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.