Geno James brought this action to recover benefits from Hornady Truck Lines, Inc. under the Workmen's Compensation Act of Alabama. Hornady answered the complaint and, following discovery, filed a motion for summary judgment alleging that it was entitled to judgment as a matter of law because James failed to establish that he had given Hornady proper notice. James responded to the motion and contended that Hornady was properly noticed. Following a hearing on the motion, the trial court summarily granted Hornady's motion. James appeals.
James asserts that the trial court erred in granting summary judgment in Hornady's favor.
Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Southern Guar. Ins. v. First Ala.Bank, 540 So.2d 732 (Ala. 1989). Where, however, the nonmovant produces substantial evidence to support its complaint, summary judgment cannot be granted. Southern Guar. Ins. Substantial evidence is "evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact to be proven." Economy Fire Cas. Co. v. Goar,551 So.2d 957 (Ala. 1989).
Hornady's motion for summary judgment was based on James's alleged non-compliance with § 25-5-78, Code 1975. That section provides:
 "Every injured employee or his representative shall, within five days after the occurrence of an accident, give or cause to be given to the employer written notice of the accident, and the employee, if he fails to give such notice, shall not be entitled to physician's or medical fees nor any compensation which may have accrued under the terms of this article . . . unless it can be shown that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity, other than minority, fraud or deceit, or equal good reason, but no compensation shall be payable unless such written notice is given within 90 days after the occurrence of the accident. . . ."
The purpose of written notice is to advise the employer that the employee received a specified injury, in the course of his employment, at a specified time, and at a specified place, so that the employer may verify the injury by its own investigation. International Paper Co. v. Murray,490 So.2d 1228 (Ala.Civ.App.), remanded on *Page 1061 other grounds, 490 So.2d 1230 (Ala. 1984). Written notice is not required where it is shown that the employer had actual notice of the injury. International Paper Co. Oral notice is sufficient to give the employer actual notice. InternationalPaper Co. The employer must also be notified that the employee was injured in while in the scope of his employment.International Paper Co. "If, however, the employer has some information connecting work activity with an injury, it may be put on reasonable notice to investigate further." Russell CoalCo. v. Williams, 550 So.2d 1007 (Ala.Civ.App. 1989).
James did not give Hornady written notice. The question to be determined, therefore, is whether adequate oral notice was given. Actual knowledge sufficient to remove the written notice requirement is a question of fact to be determined by the trial court. Brown-Ray Development, Inc. v. Murphy, 568 So.2d 814
(Ala.Civ.App. 1990).
The facts, viewed in a light most favorable to James,Wills v. Klingenbeck, 455 So.2d 806 (Ala. 1984), are as follows. James was employed by Hornady in June 1989 as a long haul driver. That same month, while tarping a load on Hornady's truck, James began to feel continuous pain in his calf. The following day, while on the road, James began to notice a throbbing in his chest. James slept in the truck that night. When he awoke the next morning he felt a sharp pain in his left side. James reached his destination, called Sam McKinley, a Hornady dispatcher, and explained that he was having physical problems and that once he had the truck unloaded he would be heading to the hospital. James was admitted to the hospital in Apex, North Carolina. After admittance, he was transferred to a hospital in Raleigh, North Carolina. The doctor informed James that a blood clot in his right calf had broken loose and settled in his lung causing pneumonia and scarring of the lungs. The next day McKinley called James to inquire about his health. At that time James told McKinley about the blood clot and the pneumonia. James talked to McKinley at least three or four times while he was in the hospital. James was released from the hospital approximately seven days after admittance. After his release he went back to Apex to recover the truck. The truck would not start. He talked to McKinley once again. James testified, by deposition, that the treating physician in Raleigh told him that the blood clot could have been caused by the prolonged sitting involved in being a long haul driver.
Sam McKinley testified that he was aware of James's hospitalization for pneumonia. He stated, however, that he was never informed that his hospitalization had any connection to his employment.
It is undisputed that Hornady was notified of James's hospitalization. The specific question to be determined is whether the evidence of notice as presented by James was sufficient to create a genuine issue of material fact as to whether Hornady had actual knowledge of a work-related injury.
From the evidence adduced on the motion we find that reasonable men might differ in their conclusion as to whether Hornady had information which would have put a reasonable employer on inquiry as to whether James's disability was work related. Russell Coal Co. Where reasonable men might reach different conclusions on the evidence, summary judgment should be denied. Taylor v. Waters, 477 So.2d 441 (Ala.Civ.App. 1985). James submitted "substantial" evidence to support his claim. Economy Fire Cas. Co. The disposition of this matter by way of summary judgment was in error.
The judgment of the trial court is reversed and the cause remanded.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur. *Page 1062