This is a workmen's compensation case.
Barbara Rice, an employee of Marley Erectors, Inc. (Marley), filed suit in November 1987, seeking workmen's compensation benefits, alleging that she was injured in June 1987, when a piece of concrete struck the hard hat which she was wearing. The trial court found that Rice suffered a work-related accident and suffered a "severe psychological disability," and it awarded compensation for a 15% permanent partial disability.
Marley appealed, contending, inter alia, that the trial court failed to find that Rice had suffered a loss of earning capacity. Workmen's compensation cannot be awarded without a finding of a loss of ability to earn. Alabama Power Co. v.Daniel, 545 So.2d 779 (Ala.Civ.App. 1989). *Page 33 
This court reversed and remanded the cause for a determination regarding whether Rice had suffered a loss of earning ability.Marley Erectors, Inc. v. Rice, 560 So.2d 1083
(Ala.Civ.App. 1990). On remand, the trial court amended its order incorporating its original order and specifically finding that Rice had suffered a 15% loss of earning ability.
Marley again appealed, and this court reversed the trial court's finding that Rice had suffered a 15% loss of earning ability. Marley Erectors, Inc. v. Rice, 585 So.2d 1379
(Ala.Civ.App. 1991). This court found that Rice's earnings were the same after the injury as before, and that she had failed to rebut the presumption that she suffered no loss of earning capacity. See Lankford v. International Paper Co.,454 So.2d 988 (Ala.Civ.App. 1984). On that remand, the trial court found that Rice suffered no loss of earning capacity, but it ordered Marley to pay Rice's past and future medical expenses. These expenses consisted primarily of charges for psychological treatment of Rice's depression. Marley appeals.
Marley contends on appeal 1) that the workmen's compensation laws do not allow Rice to recover for an accident that does not cause physical injury; 2) that an employee who has no permanent disability may not recover future medical expenses; 3) that the trial court wrongly ordered Marley to pay Rice's past medical and psychological expenses; and 4) that Rice has not established sufficient medical causation between the accident and her depression.
At the outset, we note the two-step standard of review in workmen's compensation cases. Initially, this court must look to see whether there is any legal evidence to support the trial court's findings. If we find that such evidence exists, we must then determine whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods,Inc., 575 So.2d 91 (Ala. 1991).
Marley first contends that Rice cannot recover benefits for mental impairment when the trial court has found no physical injury, citing J.C. Penney Co. v. Pigg, 544 So.2d 169
(Ala.Civ.App. 1989), to support its position. Compensation for mental injury is recoverable when the claimant can prove that it was caused by physical trauma or injury. Magouirk v. UnitedParcel Service, 496 So.2d 55 (Ala.Civ.App. 1986). In this case, the trial court found that Rice "did suffer injuries as a result of an accident arising out of and in the course of her employment"; therefore, Pigg, supra, is inapplicable. This finding was supported by the testimony and record evidence of Drs. Chan and Brand.
Marley next contends that Rice's injury was caused by a co-worker's harassment, and that it is therefore non-compensable. At the time of Rice's injury, Ala. Code 1975, § 25-5-1(9), stated in pertinent part:
"['Injury' as used in this Act]
 "[this definition of work-related injury] shall not include any injury caused by the act of a third person or fellow employee intended to injure the employee because of reasons personal to him and not directed against him as an employee or because of his employment . . ."
Rice had conjectured to her physician that a co-worker whom she refused to date might have deliberately dropped the concrete on her head. Marley argues that Rice's hypothesis released it from liability pursuant to Ala. Code 1975, §25-5-1(9). The trial court apparently considered this possibility and concluded that if the act of dropping the cement was not accidental, then Rice was, at most, a non-participating victim of co-employees' horseplay. SeeMcKnight v. Consolidated Concrete Co., 279 Ala. 430,186 So.2d 144 (1966). Regardless, evidence exists to support that conclusion and a reasonable view of that evidence supports the trial court's judgment. Eastwood, supra.
Marley next contends that future medical expenses cannot be awarded without a finding of permanent disability, and that there is no evidence that Rice's past medical expenses were reasonable and necessary. Marley's argument is erroneous in that it apparently assumes that the trial court determined that Rice did not suffer a work-related injury. The trial court expressly found that Rice suffered a work-related injury; however, she did not suffer *Page 34 
a loss of earning capacity. See Marley Erectors, Inc. v. Rice,585 So.2d 1379 (Ala.Civ.App. 1991). Once the trial court determined that Rice suffered a work-related injury, she was automatically entitled to future medical benefits which are related to the injury, when such expenses are "reasonable" and "necessary" and are obtained with the authorization of the employer. Jones v. Pickens County Health Care, 589 So.2d 754
(Ala.Civ.App. 1991).
Marley additionally argues that Rice's past medical expenses were not shown to be reasonable and necessary and therefore should not be reimbursed. The record reveals that the trial court admitted into evidence the medical charges, stating that it would make a determination regarding reasonableness. Dr. Mallory Miree testified that the psychiatric charges were reasonable. That testimony supports the trial court's finding of reasonableness; therefore, there is no error to this issue.Alverson v. Fontaine Fifth Wheel Co., 586 So.2d 216
(Ala.Civ.App. 1991).
Marley's last contention is that Rice failed to show sufficient medical causation between the accident and her subsequent depression. To establish medical causation, the employee must show that the hazard to which the employee was exposed was a contributing cause of the employee's injury.Patterson v. Clarke County Motors, Inc., 551 So.2d 412
(Ala.Civ.App. 1989).
The salient disputed facts in this case are as follows: 1) that Rice held various jobs following the 1987 accident at a pay rate equal to or higher than her pay prior to the accident, 2) that in November 1988, one week after a romantic relationship ended, Rice was admitted to the hospital for treatment of depression, 3) that Marley argues that the timing of this hospitalization indicates that Rice's condition was caused by the breakup of that relationship, and not by the work-related accident, and that this argument is supported by the deposition of Dr. L. Lamar Ager, and 4) that in opposition, Dr. Miree testified that Rice's depression was a result of the on-the-job accident.
This court does not weigh evidence. Blue Circle, Inc. v.Williams, 579 So.2d 630 (Ala.Civ.App. 1991). It is the trial court's duty to determine the weight to be given to testimony, and its findings on conflicting testimony are conclusive where there is any evidence to support its conclusions. Blue Circle,supra. While we cannot say that we would have reached the same result, this court may not substitute its judgment for that of the trial court on appeal. Morrow v. Travelers Insurance Co.,550 So.2d 1015 (Ala.Civ.App. 1989). In workmen's compensation cases, all reasonable doubts in evidence must be resolved in favor of the employee. Conley v. SCI Systems, Inc.,495 So.2d 698 (Ala.Civ.App. 1986). The trial court found that Rice's emotional problems resulted from the work-related accident, and there is evidence in the record supporting that finding.
Marley argues that Dr. Miree's testimony should be stricken from the record because it relies on facts outside the record and not in evidence, and because Dr. Miree's opinion was partially based on the earlier diagnosis of Dr. Fletcher Hamilton. Testimony from experts that is based on medical, hospital, or psychological records of other persons is allowed,Nash v. Cosby, 574 So.2d 700 (Ala. 1990), but only when those records upon which the medical expert bases his opinion are in evidence. Ex parte Wesley, 575 So.2d 127 (Ala. 1990). The record reveals that Dr. Miree was Rice's treating psychiatrist for over a month and had sufficient opportunities to form his own independent judgment regarding Rice's condition, without relying on extraneous information; therefore, the trial court's error, if any, was harmless. Rule 45, A.R.App.P.
Having carefully examined the record, we find evidence to support the trial court's findings, and a reasonable view of that evidence supports the trial court's judgment.Eastwood, supra. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur. *Page 35