L. CHARLES WRIGHT, Retired Appellate Judge.
Paul Slimp brought this action to recover benefits from Nabisco Biscuit Company under the Workmen’s Compensation Act of Alabama. Following oral proceedings, the trial court found Slimp to be totally and permanently disabled. Nabisco appeals.
Nabisco initially questions the standard of review to be used on this appeal. It asserts that the new standard of review provided in the amended Ala.Code 1975, § 25-5-81(e), should apply because the trial court entered its order after the effective date of the 1992 amendment. The alleged injury, however, occurred prior to the effective date of the new standard of review. Therefore, the prior standard of review applies to this appeal. Henderson v. Johnson, 632 So.2d 488 (Ala.Civ.App.1993).
Nabisco raises several issues for our review. We find the dispositive issue to be whether Nabisco received the required statutory notice of injury.
Section 25-5-78, Code 1975, provides the following:
“Every injured employee or his representative shall, within five days after the occurrence of an accident, give or cause to be given to the employer written notice of the accident, and the employee, if he fails to give such notice, shall not be entitled to physician’s or medical fees nor any compensation which may have accrued under the terms of this article ... unless it can be shown that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity, other than minority, fraud or deceit, or equal good reason, but no compensation shall be payable unless such written notice is given within 90 days after the occurrence of the accident....”
The purpose of written notice is to advise the employer that the employee received a specified injury, in the course of his employment, at a specified time, and at a specified place, so that the employer may verify the injury by its own investigation. James v. Hornady Truck Line, Inc., 601 So.2d 1059 (Ala.Civ.App.1992). Written notice is not required where it is shown that the employer had actual notice of the injury. James. Oral notice is sufficient to give the employer actual notice. James. Like written notice, oral notice imparts to the employer the opportunity to investigate and protect *993 itself against simulated and exaggerated claims. International Paper Co. v. Murray, 490 So.2d 1228 (Ala.Civ.App.), remanded on other grounds, 490 So.2d 1230 (Ala.1984). Even with oral notification, the employer must be notified that the employee was injured while in the scope of his employment. James. The fact that an employer is aware that the employee suffers from a malady or has medical problems is not, by itself, sufficient to charge the employer with actual notice. Russell Coal Co. v. Williams, 550 So.2d 1007 (Ala.Civ.App.1989). “If, however, the employer has some information connecting work activity with an injury, it may be put on reasonable notice to investigate further.” Russell Coal Co.
Slimp did not give Nabisco written notice within the statutory time of ninety days. The question to be determined is whether adequate oral notice was given. Actual knowledge sufficient to remove the written notice requirement is a question of fact to be determined by the trial court. James.
Slimp was employed by Nabisco as a cookie and cracker sales representative. He had been so employed for approximately 20 years. He testified that he hurt his back in November 1988, but that he did not know the exact date. He stated that it happened at a Food Max Store when “I reached over to get a case of Chips-A’hoy off of the pallet to put on another pallet. ... [I] felt a burning in the lower part of my back. ... [but] I just continued to finish the day as best I could.” He testified that he “had a sales meeting that night and I told Randy Gillis ... He was my boss at that time ... We just kind of like greeted each other, and he says how you doing, and I said, well, I hurt my back today, and he said, yeah, my back hurts too, and turned around and walked off.” Slimp did not tell Gillis how he hurt his back or that it was job related. In his complaint, Slimp asserts that he notified Gillis of the alleged injury “at a sales meeting a few weeks later.”
Slimp began seeking treatment for his back in December 1988. In May 1989 he underwent a surgical procedure involving the L4-5 disc in his back. Slimp submitted all physician and hospital expenses to Nabisco’s group health insurance company. He did not submit any expenses to Nabisco for payment under its workmen’s compensation program. On October 11, 1989, Slimp presented a letter to his supervisor, requesting that he be allowed to submit a workmen’s compensation claim. Nabisco denied Slimp’s request.
The trial court found that Nabisco had actual notice of the injury. In doing so, it made the following findings:
“Mr. Slimp testified that on the date of his accident, he notified his direct supervisor, Randy Gillis, that he had hurt his back that day. Mr. Gillis did not come to Court to deny Mr. Slimp’s testimony in this regard, nor was any testimony offered by deposition of Gillis to refute that testimony. Defendant offered into evidence a letter from Paul Slimp, in which the plaintiff stated, ‘This is to advise you I wish to submit a workers’ compensation claim.’ The court notes that the plaintiff did not state that the letter was the first time he had reported the accident. The Court finds that actual notice was given to Randy Gillis by Paul Slimp on the date of the accident.”
The employee has the burden of proving that the employer had notice or knowledge of the injury. Sloss-Sheffield Steel & Iron Co. v. Watts, 236 Ala. 636, 184 So. 201 (1938). We find that Slimp failed to meet his burden. The most that can be adduced from the evidence in this case is that Slimp told his supervisor at some later time that he hurt his back. The evidence reveals that Slimp did not inform Nabisco of the work-related aspect of the injury until 11 months after the alleged injury occurred. The injury could have occurred at any time or any place. Nabisco did not have any information from which it could have inferred that Slimp’s injury was connected to his work activity.
In its finding, the trial court shifted the burden to Nabisco to refute the notice requirement. Such was error in view of the fact that Slimp failed to meet his initial burden.
The judgment of the trial court is reversed. The case is remanded to the trial *994 court for further proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.