Rayford Davis brought this action to recover benefits from Paragon Builders under the Workmen's Compensation Act of Alabama. Following oral proceedings, the trial court denied recovery, finding that Davis had not given Paragon the required notice of injury. Davis appeals.
The sole issue on appeal is whether Davis gave Paragon the required statutory notice of injury.
Section 25-5-78, Code 1975, is the applicable statute. It provides the following:
 "Every injured employee or his representative shall, within five days after the occurrence of an accident, give or cause to be given to the employer written notice of the accident, and the employee, if he fails to give such notice, shall not be entitled to physician's or medical fees nor any compensation which may have accrued under the terms of the article . . . unless it can be shown that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity, other than minority, fraud or deceit, or equal good reason, but no compensation shall be payable unless such written notice is given within 90 days after the occurrence of the accident. . . ."
The purpose of written notice is to advise the employer that the employee received a specified injury, in the course of his employment, at a specified time, and at a specified place, so that the employer may verify the injury by its own investigation. James v. Hornady Truck Line, Inc.,601 So.2d 1059 (Ala.Civ.App. 1992). Written notice is not required where it is shown that the employer had actual notice of the injury.James. Oral notice is sufficient to give the employer actual notice. James. Like written notice, oral notice imparts to the employer the opportunity to investigate and to protect itself against simulated and exaggerated claims. International PaperCo. v. Murray, 490 So.2d 1228 (Ala.Civ.App.), remanded onother grounds, 490 So.2d 1230 (Ala. 1984). Even with oral notification, the employer must be notified that the employee was injured while in the scope of his employment. James. The fact that an employer is aware that the employee suffers from a malady or has medical problems is not, by itself, sufficient to charge the employer with actual notice. Russell Coal Co. v.Williams, 550 So.2d 1007 (Ala.Civ.App. 1989). "If, however, the employer has some information connecting work activity with an injury, it may be put on reasonable notice to investigate further." Russell Coal Co. Knowledge on the part of a supervisory or representative agent of the employer that a work-related injury has occurred will generally be imputed to the employer. Beatrice Foods Co. v. Clemons, 54 Ala. App. 150,306 So.2d 18 (Ala.Civ.App. 1975). The employee has the burden of proving that the employer had notice or knowledge of the injury. Sloss-Sheffield Steel Iron Co. v. Watts, 236 Ala. 636,184 So. 201 (1938).
In a workmen's compensation case, this court's review is limited to a determination of whether there is any legal evidence to support the trial court's conclusions. If a reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte EastwoodFoods, Inc., 575 So.2d 91 (Ala. 1991).
Davis did not give Paragon written notice. The question to be determined, therefore, is whether adequate oral notice was given. Actual knowledge sufficient to remove the written notice requirement is a question of fact to be determined by the trial court. Brown-Ray Development, Inc. v. Murphy, 568 So.2d 814
(Ala.Civ.App. 1990). All reasonable doubts in the evidence must be resolved in favor of the employee. Marley Erectors,Inc. v. Rice, 620 So.2d 31 (Ala.Civ.App. 1993).
The pertinent facts, viewed in the light most favorable to Davis, James, are as follows: Davis is a 48-year-old male with a sixth grade education. He began working *Page 765 
for Paragon in May 1991. He was hired as a "helper." His job responsibilities included moving iron; running a forklift; moving acetylene tanks, with and without the use of a forklift; and miscellaneous other jobs at the direction of his supervisor.
Sometime within the first two weeks of June 1991, Davis injured his neck and back while lifting full acetylene bottles. The bottles weighed between 100 and 200 pounds each. He did not remember the exact date of the accident. He testified that approximately 30 minutes after the episode, he told his foreman, Randy Reep, that he had injured himself. Despite the pain, he worked the rest of the day.
Davis testified that on the next day, due to the pain, he could not get out of bed. He made an appointment to see a doctor. Davis did not advise Paragon that he was going to the doctor. He testified that after he saw the doctor, he returned to work because when he called in, he was told that Paragon was planning to terminate his employment because he had missed work without an excuse. Davis testified that when he returned to work, he again discussed the injury with Reep.
Randy Reep's deposition was admitted into evidence. Reep testified as follows:
 "[W]hat I remember about the accident is Mr. Davis missed a day's work. When he returned the next day, I asked Mr. Davis why wasn't he at work the day prior. That's when he told me he had hurt his back and couldn't get out of bed that morning, so he didn't come to work. I asked him if he hurt his back on the job. He said yes, moving oxygen acetylene bottles is when he hurt his back is the only thing he could think of that was heavy that he picked up that day also."
Reep testified that he then took Davis to the office to report the incident. Davis denies that he went to the office. Reep further testified that he told Jimmy Pickens, the field supervisor, that Davis had injured himself on the job. Pickens denied that he had such a conversation with Reep. Pickens did remember having a conversation with Davis concerning the pain in Davis's back. He testified, however, that Davis never told him that the injury was work-related.
James Henson, the safety superintendent, testified that he recalled Davis complaining of back problems. Davis, however, never told him that the injury was work-related.
There were numerous conflicts in the testimony. Specifically, there were conflicts in the evidence concerning when the accident occurred, when Davis notified Reep that an accident had occurred, whether the injury was to Davis's neck or back, whether Pickens was aware that a work-related accident had occurred, and whether Paragon's secretary received notes from Davis's doctor concerning Davis's injury. Paragon would have us affirm the trial court's finding based on the principle that a trial court's findings are conclusive where the evidence is conflicting. McKenzie v. American Bread Co. of Ala.,579 So.2d 667 (Ala.Civ.App. 1991).
We are aware of the conflicts in the evidence. However, the evidence was undisputed that Randy Reep, Davis's foreman, was notified that Davis was suffering from a work-related injury. Davis's testimony, that he notified Reep of the injury, was corroborated by Reep's own testimony. The conflicts encompassed in Reep's and Davis's testimony are of no consequence. When Reep, an agent of Paragon, was made aware of an alleged work-related injury, Paragon was put on reasonable notice to investigate further. "The statute does not require further notice nor continuing information be provided by the claimant without request." Beatrice Foods Co.
Although the judgment of the trial court is that Davis suffered no compensable injury, such judgment was not the purpose of the hearing. It was specifically stated at the beginning, in open court, that the only issue to be tried was whether sufficient notice of the accident was given to the employer by Davis. The court found that Davis did not provide sufficient notice of an alleged injury. On that finding we find error. The issue of compensable injury remains for trial. We remand for that purpose.
No reasonable view of the evidence supports the trial court's judgment. The judgment *Page 766 
is reversed and the cause remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
All the Judges concur.