[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 908 
Mary Elliott brought this action to recover benefits from Wal-Mart Stores, Inc., under the Workmen's Compensation Act of Alabama. Following oral proceedings, the trial court found Elliott to be covered by the Act and to be totally and permanently disabled from an employment-caused injury. Wal-Mart appeals.
The sole issue on appeal is whether Elliott gave Wal-Mart the required statutory notice of injury. § 25-5-78, Code 1975.
Section 25-5-78 provides the following:
 "Every injured employee or his representative shall, within five days after the occurrence of an accident, give or cause to be given to the employer written notice of the accident, and the employee, if he fails to give such notice, shall not be entitled to physician's or medical fees nor any compensation which may have accrued under the terms of this article . . . unless it can be shown that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity, other than minority, fraud or deceit, or equal good reason, but no compensation shall be payable unless such written notice is given within 90 days after the occurrence of the accident. . . ."
The purpose of written notice is to advise the employer that the employee received a specified injury, in the course of his employment, at a specified time, and at a specified place, so that the employer may verify the injury by its own investigation. James v. Hornady Truck Line, Inc.,601 So.2d 1059 (Ala.Civ.App. 1992). Written notice is not required where it is shown that the employer had actual notice of the injury.James. Oral notice is sufficient to give the employer actual notice. James. Like written notice, oral notice imparts to the employer the opportunity to investigate and protect itself against simulated and exaggerated claims. International PaperCo. v. Murray, 490 So.2d 1228 (Ala.Civ.App.), remanded onother grounds, 490 So.2d 1230 (Ala. 1984). Even with oral notification, the employer must be notified that the employee was injured while in the scope of his employment. James. The fact that an employer is aware that the employee suffers from a malady or has medical problems is not, by itself, sufficient to charge the employer with actual notice. Russell Coal Co. v.Williams, 550 So.2d 1007 (Ala.Civ.App. 1989). Knowledge on the part of a supervisory or representative agent of the employer that a work-related injury has occurred will generally be imputed to the employer. Beatrice Foods Co. v. Clemons,54 Ala. App. 150, 306 So.2d 18 (Ala.Civ.App. 1975). Notice of the injury to a mere co-employee is not sufficient to excuse written notice. Legg v. Americold Compressor Co.,336 So.2d 1121 (Ala.Civ.App. 1976). The employee has the burden of proving that the employer had notice or knowledge of the injury. Sloss-Sheffield Steel Iron Co. v. Watts, 236 Ala. 636,184 So. 201 (1938).
In a workmen's compensation case, this court's review is limited to a determination of whether there is any legal evidence to support the trial court's conclusions. If a *Page 909 
reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte EastwoodFoods, Inc., 575 So.2d 91 (Ala. 1991).
Elliott did not give Wal-Mart adequate written notice. The question to be determined, therefore, is whether proper oral notice was given. Actual knowledge sufficient to remove the written notice requirement is a question of fact to be determined by the trial court. Brown-Ray Development, Inc. v.Murray, 568 So.2d 814 (Ala.Civ.App. 1990). All reasonable doubts in the evidence must be resolved in favor of the employee. Marley Erectors, Inc. v. Rice, 620 So.2d 31
(Ala.Civ.App. 1993).
The pertinent facts, viewed in the light most favorable to Elliott, James, are as follows: Elliott worked for Wal-Mart for approximately 14 years. She testified that in June 1990 she injured her neck when she lifted some oil out of a customer's cart. She testified that while she was on her break, she told the assistant manager "that my neck was hurting really bad and that I had lifted that oil and I asked him could I go home. And he let me go home early that night." The assistant manager did not testify at trial. On cross-examination Elliott became somewhat confused as to the exact conversation she had with the assistant manager.
Elliott called in sick the next day. She was hospitalized on June 18, 1990, and was diagnosed as having herniated discs at C5, C6, and C7. She underwent an anterior cervical diskectomy and fusion. (Elliott had previously had the same surgery in 1985.) She was released to return to work on August 25, 1990.
Elliott submitted the medical expenses for her treatment on her group health insurance policy. Her insurance claim form, which was introduced into evidence, asked for a description of her illness or injury. She wrote "cervical disk." The claim form also asked whether the claim was related to an accident. She wrote "no."
Elliott returned to work in August 1990. She experienced no pain or problems with her neck until December 1990.
Elliott claimed that in late December 1990, she hurt her neck while pushing a row of shopping carts. She testified that she told the "door greeter" that if she didn't know better, she had just ruptured another disc. Elliott continued to work until January 7, 1991.
Subsequently, Elliott was diagnosed as having a herniated disc in the C5-6 area. The injury was treated conservatively. At that time her treating physician informed her that her injuries may have been caused by her work at Wal-Mart. He sent a note to Wal-Mart to that effect on September 3, 1991, nine months after the alleged accident. Elliott subsequently hired an attorney to represent her. She testified that she did not initially notify Wal-Mart that the injury was work-related because she did not want to get involved in a lawsuit and really just wanted to keep working for Wal-Mart. Elliott underwent a third anterior cervical diskectomy in December 1992.
The trial court, without stating any findings on the issue, held that Wal-Mart had been properly noticed. It awarded Elliott temporary total benefits for the June 1990 injury. The trial court found Elliott to be permanently and totally disabled due to the December 1990 injury.
Concerning the June 1990 injury, we find that Wal-Mart received actual notice of the injury. Elliott testified that she told the assistant manager that she hurt her neck while unloading oil from a customer's cart. The assistant manager's knowledge was imputed to Wal-Mart. Beatrice Foods Co. When the assistant manager was made aware of the work-related injury, Wal-Mart was put on reasonable notice to investigate further.Beatrice Foods Co. Any conflict in the testimony regarding Elliott's conversation with the assistant manager was a matter to be determined by the trial court, for it is that court that reviews the weight or the preponderance of the evidence.McKenzie v. American Bread Co., 579 So.2d 667
(Ala.Civ.App. 1991). We may inquire only as to whether there is any evidence to support the trial court's finding. McKenzie. The evidence supports the trial court's finding that Wal-Mart received actual notice of the June 1990 injury. *Page 910 
The evidence, however, fails to support a finding that Wal-Mart received actual notice of the December 1990 injury. Elliott's comment to the "door greeter" was not sufficient to impute knowledge to Wal-Mart. Legg. Wal-Mart did not receive notice that the December 1990 injury could possibly be work-related until approximately nine months after the injury. Furthermore, there was no evidence adduced which tended to connect the two injuries. The action was based on two alleged accidents and two resultant injuries.
We sympathize with Elliott's plight. She testified that she did not notify Wal-Mart within the requisite time because she did not want to be involved in any legal matters. She also testified that she was hesitant in filing the claim because the Wal-Mart management had always discouraged employees from doing so. The fact remains, however, that Elliott failed to meet the 90-day requirement of § 25-5-78. The purpose of the notice requirement is to enable the employer to provide immediate medical diagnosis and treatment and to facilitate the earliest possible investigation of the facts surrounding the injury.Gold Kist, Inc. v. Dumas, 442 So.2d 115 (Ala.Civ.App. 1983). Elliott's failure to give proper notice defeated that purpose.
No reasonable view of the evidence supports the trial court's judgment that Wal-Mart received actual notice of the December 1990 alleged accident and resultant injury. That portion of the trial court's judgment is reversed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the Judges concur.