Dear Mr. Hodgkins:
This office is in receipt of your request for an opinion of the Attorney General in regard to the eligibility of the Sheriff's Office to receive monies from the Law Enforcement Block Grants through payments from the Director of the Bureau of Justice Assistance. The pertinent provisions provide that the Director of the Bureau of Justice Assistance shall pay to each qualified "unit of local government" for reducing crime, including such activities as hiring, training and employing additional officers; paying overtime to officers and support personnel; enhancing school security; crime prevention programs as neighborhood watch; establish crime prevention programs for juveniles; and enhancing the adjudication process of cases of violent offenders. Your question is whether for purposes of this federal grant the sheriffs should be considered a "unit of local government" so as to be eligible to be recipients of these grants instead of the police jury.
We are informed that the definition of "unit of local government" under the Local Law Enforcement Block Grants authorized by H.R. 728 as enacted in the Fiscal Year 1996 Omnibus Rescissions and Appropriations Act, Pub.L. No. 104-134 is as follows:
 A county, township, city or political subdivision of a county, township, or city, that is a unit of local government as determined by the Secretary of Commerce for general statistical purposes.
Under this definition that a unit of local government includes a political subdivisions of a county, we would conclude the sheriff should be included as a possible recipient.
We base our conclusion that the sheriff's department is a political subdivision of the state upon the state constitution and various statutory provisions where the office is defined as a "political subdivision". As observed in Atty. Gen. Op. No. 93-218, "political subdivision" is defined fairly broadly in various places throughout the statutory law, and in Sec. 44 of Article VI of the Louisiana Constitution. In Atty. Gen. Op. No. 84-48 this office stated as follows:
 The Jefferson Parish Sheriff's Office is a unit of local government and, as such, meets the definition of a political subdivision as defined in Section 44 of Article VI of the Louisiana Constitution which provides:
 (2) "Political subdivision" means a parish municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions.
In Jones v. Taylor, 660 So.2d 993 (La.App. 1995) on remand from the Louisiana Supreme Court, the court was faced with the issue of whether the sheriff's office could be compelled by writ to pay a tort judgment from the salary fund. The court noted that once the sheriff was statutorily defined as a political subdivision, payment from the fund is contrary to the constitution which mandates that the funds be appropriated. Moreover, the court noted that Article VI, Sec. 44 (5) of the 1974 Louisiana Constitution defines political subdivision as used within Article VI as "a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions." The court then stated:
 Thus, as a unit of local government authorized by law to perform governmental functions, a sheriff would be included within the definition of a political subdivision.
Moreover, we find support for this conclusion under the provisions of R.S. 33:9001. Therein it is set forth that special districts are created in each parish, except Orleans, to be known as law enforcement districts with the intent of providing financing to the office of sheriff. The boundaries shall be coterminous with that of the parish and the elected sheriff.
However, despite that our state law defines the sheriff as a political subdivision, the grant specifies that the political subdivision be "a unit of local government as determined by theSecretary of Commerce for general statistical purposes," which is in the Bureau of the Census definition of government organizations.
The Director of the Local Law Enforcement Block Grants Program, in rejecting the sheriff's department as a unit of local government, observes the Bureau of Census identified the police jury as the unit of local government and does not include any articulated unit of local government equivalent to a sheriff. In reaching this conclusion it is stated that "the sheriff does not represent a political subdivision of the parish only because the sheriff's geographical jurisdiction and taxing authority is the same as the boundaries of the parish."
We do not base our conclusion that the sheriff's department is a political subdivision of the state simply because its geographical jurisdiction is the same as that of the parish. We particularly note that the definition of those qualified to seek the grant includes "political subdivision of a county", and does not simply include "a county". Therefore, it would seem that the Sheriff's department as a political subdivision under our Constitution and statutory laws would fall within the definition of "local governmental unit" equally with the "police jury" whereby one exercises the law enforcement of the parish while the other is the legislative branch. This office has recognized while the police jury can legislatively provide penalties for violations of its ordinances, it is constitutionally prohibited from exercising criminal enforcement of parish and state law. It is the sheriff, as the Parish's chief law enforcement officer and as the chief executive officer of the law enforcement district, who bears the responsibility for both enforcing the parish and state criminal laws, and obtaining and expending the funds necessary to accomplish that purpose. Obviously, the grant in question is directed to improvement in law enforcement which is not a jurisdictional concern of the police jury.
However, since the definition states the grant is for "a unit of local government as determined by the Secretary of Commerce for general statistical purposes", this office is not in a position to determine the eligibility of the sheriff. We can only hope that the Secretary of Commerce and the Director of the Grants would consider the Louisiana Constitution and statutory law, and find that the Sheriff is a political subdivision of the parish, which it has found to be the equivalent of a county, and the grant defines a unit of local government as a political subdivision of a county.
We hope this is of assistance in regard to your request.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR