6 So.3d 506 (2007)
D & E INVESTMENTS, L.L.C., d/b/a Kiva Dunes
v.
Thomas W. SINGLETON.
2051014.
Court of Civil Appeals of Alabama.
August 24, 2007.
*507 Ian D. Rosenthal and Joseph D. Stutz of Cabaniss, Johnston, Gardner, Dumas & O'Neal, LLP, Mobile, for appellant.
Richard E. Browing, Mobile, for appellee.
BRYAN, Judge.
D & E Investments, L.L.C., d/b/a Kiva Dunes ("Kiva Dunes"), appeals from a judgment of the trial court awarding Thomas W. Singleton permanent-total-disability benefits pursuant to the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala.Code 1975. Because we conclude that Kiva Dunes did not receive proper notice of Singleton's alleged work-related injury, we reverse and remand.
Singleton sued his employer, Kiva Dunes, seeking to recover workers' compensation benefits. Singleton's complaint alleged that he had injured his back in a workplace accident on November 8, 2003. Following a trial, the trial court entered a judgment finding that Singleton had provided proper notice of his alleged work-related injury and awarding Singleton permanent-total-disability benefits. In its judgment, the trial court made the following pertinent factual findings:
"2. [Singleton] worked as an owner/operator of one or more convenience stores between 1986 and December of *508 2000. Following his selling his convenience stores in 2000, he next worked for... Kiva Dunes, from October 30, 2002[,] until the time of his date of injury on November 8, 2003.
"3. While employed at Kiva Dunes, [Singleton] worked as a golf cart attendant. He testified that his job duties included the cleaning and preparation of the golf carts for use by the members of the Kiva Dunes golf club. This also included preparation of [the golf carts] after [each use] for the next person's use, including emptying out any trash from the golf carts. . . . [Singleton] also testified that at the end of each day after cleaning all of the golf carts and preparing them for the next day's use, it was part of his specified duties to take all the trash that had been emptied into a 55-gallon trash can, bring that over to a nearby dumpster-type trash container, and to empty that 55-gallon can into the trash bin. It was while he was in the performance of his duties emptying that 55-gallon trash can on the evening of November 8, 2003[,] that [Singleton] testified that he hurt his back.
"4. . . . [Singleton] further testified that he came back to work the following day[, November 9, 2003,] and worked his regular shift.
"5. . . . [Singleton] testified that he telephoned the office [on November 10, 2003,] to talk to his supervisor, Mark Stillings ....
"6. [Singleton] specifically testified that he told Mr. Stillings that he would not be able to come to work the following Friday, November 14, 2003, which was his next scheduled day to work. In particular, [Singleton] testified that he informed Mr. Stillings that the reason he would not be able to come to work that following Friday was that he had injured his back lifting the trash can.
"7. Mark Stillings also testified at trial. It is the court's interpretation of his testimony that, although he does not recall [Singletons] reporting to him that [Singleton] stated that he injured his back emptying the garbage can, neither was [Stillings] able to specifically deny that [Singleton] had told him that. In short, it appeared more that Mr. Stillings'[s] testimony was simply that he did not remember that he had been told by Mr. Singleton of the injury while emptying the trash. . . .
". . . .
"9. Mark Stillings testified at trial that he was fully aware that one of the specific duties which [Singleton] was required to perform at Kiva Dunes was the emptying of the 55-gallon trash container at the end of the day. The court hereby finds that when [Singleton] reported to Mr. Stillings that he had hurt his back while emptying the trash can, this constituted sufficient notice to [Kiva Dunes] that this was an injury which occurred within the line and scope of his employment. Under the authority of Russell Coal Company v. Williams, 550 So.2d 1007 (Ala.Civ.App.1989), the court finds that this constituted notice which was sufficient as to `put a reasonable man on inquiry that the injury is work-related.'
". . . .
"17. . . .
". . . .
"(b) [Singleton] provided adequate notice to his supervisor, Mr. Mark Stillings, on the morning of November 10, 2003[,] when he reported to Mr. Stillings that he injured his back while emptying the trash can."
Singleton's deposition testimony, taken on August 23, 2004, was admitted into evidence at trial. In his deposition testimony, Singleton testified that he told his *509 supervisor, Mark Stillings, on November 10, 2003, that he had injured his back while "emptying the trash can." The record on appeal also contains a transcript of an April 16, 2004, conversation between Singleton and Kiva Dunes' workers' compensation insurance adjuster. In that conversation, Singleton stated that he had told Stillings on November 10, 2003, that he had injured his back while "emptying the trash can." At trial, however, Singleton testified that he had told Stillings on November 10 that he had injured his back while "emptying the trash can at work Saturday night."
Singleton did not return to work at Kiva Dunes following his telephone conversation with Stillings on November 10, 2003. Singleton subsequently received treatment for his back injury through his employer-provided health insurer. The record indicates that Singleton made an initial claim for workers' compensation benefits on April 1, 2004.
"In a workers' compensation case, the Court of Civil Appeals reviews the `standard of proof ... and other legal issues without a presumption of correctness.' § 25-5-81(e)(1), Ala.Code 1975. A trial court's judgment in a workers' compensation case based on pure findings of fact will not be reversed if it is supported by substantial evidence. § 25-5-81(e)(2), Ala.Code 1975. Substantial evidence is `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)."
Ex parte Prof'l Bus. Owners Ass'n Workers' Comp. Fund, 867 So.2d 1099, 1102 (Ala.2003).
On appeal, Kiva Dunes argues that it did not receive proper notice of Singleton's alleged work-related injury. Kiva Dunes contends that it did not receive notice of the alleged work-related injury until April 1, 2004, more than 90 days after the alleged accident of November 8, 2003. Singleton argues that the trial court correctly determined that Singleton had provided proper notice when he notified his supervisor Stillings on November 10, 2003, that he had "injured his back while emptying the trash can."
"[Section 25-5-78, Ala.Code 1975,] provides that `an injured employee or the employee's representative, within five days after the occurrence of an accident, shall give or cause to be given to the employer written notice of the accident.' Failure to give notice, in the absence of `physical or mental incapacity, other than minority, fraud or deceit, or equal good reason,' will defeat a claimant's entitlement to medical benefits and compensation accrued before notice is ultimately provided. Id. However, § 25-5-78 also provides that `no compensation shall be payable unless written notice is given within 90 days after the occurrence of the accident or, if death results, within 90 days after the death' (emphasis added). Thus, while a failure to notify an employer of an accident within 5 days of its occurrence may be excusable under certain circumstances, and will work only a partial forfeiture of benefits, a failure to effect notice within 90 days is an absolute bar to recovery under the [Alabama Workers' Compensation] Act. See generally Ex parte Murray, 490 So.2d 1230, 1232-33 (Ala.1984). `The employee has the burden of proving that the employer had notice or knowledge of the injury.' Wal-Mart Stores, Inc. v. Elliott, 650 So.2d 906, 908 (Ala.Civ.App. 1994)."
United Auto Workers Local 1155 v. Fortenberry, 926 So.2d 356, 359 (Ala.Civ.App. 2005).

*510 "[Section 25-5-78] requires that an employer be given written notice of a job-related injury so that the employer can `make a prompt examination, provide proper treatment, and protect itself against simulated or exaggerated claims.' Russell Coal Co. v. Williams, 550 So.2d 1007, 1012 (Ala.Civ.App.1989). However, written notice is not required if the employer had actual knowledge that the employee was injured in the scope of his or her employment. Wal-Mart Stores, Inc. v. Elliott, 650 So.2d 906, 908 (Ala.Civ.App.1994). The employer must have actual knowledge that the employee's injury was connected to the employee's work activities. Id. `The fact that an employer is aware that an employee [suffers from] a medical problem is not, by itself, sufficient to charge the employer with actual knowledge.' Russell, 550 So.2d at 1012."
Ex parte Brown & Root, Inc., 726 So.2d 601, 602 (Ala.1998).
In Russell Coal Co. v. Williams, 550 So.2d 1007 (Ala.Civ.App.1989), this court defined "actual knowledge" as
"'knowledge of such information as would put a reasonable man on inquiry.. . . Mere knowledge of disability following a traumatic injury is not sufficient, for the facts and circumstances of either the disability or the injury must be such as would put a reasonable man on inquiry that the disability is work-related.'"
550 So.2d at 1012 (quoting Pojanowski v. Hart, 288 Minn. 77, 81, 178 N.W.2d 913, 916 (1970)).
In Premdor Corp. v. Jones, 880 So.2d 1148 (Ala.Civ.App.2003), this court reversed a trial court's judgment awarding an employee workers' compensation benefits because, this court concluded, the employee had not given her employer proper notice of her injury. In that case, the employee, Renelda Jones, worked as a buggy loader for her employer, Premdor Corporation. 880 So.2d at 1149. As a buggy loader, Jones loaded pieces of wood used in the manufacturing of doors into carts and pushed the carts to another work station. Id. Jones argued that she had given Premdor oral notice of her alleged work-related injury within 90 days of its occurrence. Id. at 1154. This court stated:
"Jones testified that she first informed Premdor of her injury when, approximately an hour after she had allegedly sustained the injury, she informed plant manager Larry Cagle that her back was hurting. Responding to questions from her attorney, Jones testified that she told Cagle: `I just said, on the day of the injury, I told him, I said, "I did something to my back," I said, "because it hurts," and he said, "well, you know, because everyone complains about such things." I thought it would go away.' Jones again related the substance of the conversation when questioned by Premdor's attorney: `Well, I was hurting and kind of sweating, and he asked me kind of what was wrong, and I said, "Well, I did something to my back because I'm hurting," and that was the end of the conversation.' Jones also testified that on ... the day after she had returned to work following the initial injury, she informed her supervisor Kenny Price that she had injured her back. Specifically, Jones testified: `I said, "Kenny, I have hurt my back." ... I left and told him I had to get something done.'
"While Jones's statements to Cagle, and later to Price, informed the Premdor agents that Jones had injured her back, those statements did not advise whether the injury occurred while Jones was performing her work duties. `The fact that an employer is aware that an *511 employee has pain or [suffers from] a medical problem is not, by itself, sufficient to charge the employer with actual knowledge.' Russell Coal Co. [v. Williams], 550 So.2d [1007] at 1012 [(Ala.Civ.App.1989)]. The employer must be notified that the employee was injured in the course of her employment. E.g., Ex parte Brown & Root, Inc., 726 So.2d 601 [(Ala.1998)]; Russell Coal Co., 550 So.2d 1007; Bethea v. Bruno's, Inc., 741 So.2d [1090] at 1092 [(Ala.Civ.App.1999)]. By failing to inform Premdor that she injured her back while at work, Jones failed to comply with the notice requirement of the Workers' Compensation Act."
880 So.2d at 1154-55.
In this case, the trial court found that Singleton had told his supervisor Stillings in a telephone conversation that he had "injured his back while emptying the trash can." The trial court found that, because Stillings knew that Singleton's work duties included emptying a 55-gallon trash can, Singleton's statement to Stillings provided proper notice of Singleton's injury. However, Singleton's statement, like Jones's statement in Premdor, did not indicate that the alleged injury was work related. Given the trial court's specific determination of the content of Singleton's statement, that statement did not provide notice of a connection between Singleton's back injury and his employment. Although Stillings knew that Singleton's work duties included emptying a trash can, there was nothing in Singleton's statement that he had "injured his back while emptying the trash can" identifying the "trash can" referred to in the statement as the one at Kiva Dunes.
"Oral notice must make known to the employer not only the fact of the injury, but also that the injury occurred in the course of employment. Wal-Mart Stores[, Inc. v. Elliott], 650 So.2d [906,] 908 [(Ala.Civ.App.1994)]; Premdor Corp. v. Jones, 880 So.2d 1148 (Ala.Civ. App.2003)."
Fort James Operating Co. v. Crump, 947 So.2d 1053, 1067 (Ala.Civ.App.2005).
"Notice of injury is the first step in the compensation procedure, and its purpose is two-fold: `first, to enable the employer to provide immediate medical diagnosis and treatment in an effort to minimize the seriousness of the injury; and second, to facilitate the earliest possible investigation of the facts surrounding the injury.' Harbin v. United States Steel Corp., 356 So.2d 179, 182 (Ala.Civ. App.1978). Without notice, the employee is not entitled to benefits...."
Thomas v. Gold Kist, Inc., 628 So.2d 864, 866 (Ala.Civ.App.1993).
We conclude that Kiva Dunes was not given proper notice of Singleton's alleged work-related injury within the 90-day period prescribed by § 25-5-78, Ala.Code 1975. Accordingly, we reverse the trial court's judgment awarding workers' compensation benefits, and we remand the case.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, J., concur.
MOORE, J., concurs specially, which THOMAS, J., joins.
MOORE, Judge, concurring specially.
I concur in the main opinion's decision to reverse the trial court's judgment and remand the case because of the failure of the employee to properly notify the employer of his injury. I write specially to address the parties' dispute regarding the wording, type, and sufficiency of the notice the employee provided in this case.
*512 At trial, the parties disputed the exact wording the employee used to notify the employer of his back injury. On direct examination, the employee testified that during a telephone conversation with his supervisor on the Monday morning following his injury, the employee told the supervisor that he had injured his back while "emptying the trash can at work Saturday night." The employer objected to that testimony on the ground that it conflicted with the employee's pretrial statement to a workers' compensation insurance claims adjuster and the employee's deposition testimony, in which the employee had consistently stated that he merely said he had hurt his back "emptying the trash can." The trial court overruled that objection, but it indicated that it would consider the inconsistency when weighing the evidence and determining the content of the telephone conversation. After reviewing all the evidence, the trial court made a specific determination that the employee had merely stated in the telephone conversation that he had injured his back "while emptying the trash can."
Under the Workers' Compensation Act, § 25-5-1 et seq., Ala.Code 1975 ("the Act"), "[i]n reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence." Ala.Code 1975, § 25-5-81(e)(2). It is the province of the trial court to weigh the evidence for the purpose of resolving conflicts therein and making findings of fact. See Ala.Code 1975, § 25-5-81(a) & (c). On appeal, a trial court's findings of fact based on conflicting evidence are conclusive on this court if they are supported by substantial evidence. Edwards v. Jesse Stutts, Inc., 655 So.2d 1012 (Ala.Civ.App.1995). "Substantial evidence" is "`evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'" Ex parte Trinity Indus., Inc., 680 So.2d 262, 268 (Ala.1996) (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)); see also Ala.Code 1975, § 12-21-12(d). In this case, substantial evidence, including the transcript of the employee's prior statement and his deposition testimony, supports the trial court's determination that the employee merely stated that he had injured his back while "emptying the trash can." On review, therefore, this court is limited to considering whether the employee's statement, as determined by the trial court, satisfies the notice requirement of the Act.
The Act refers to only two types of notice  written notice and actual knowledge. Alabama Code 1975, § 25-5-78, provides, in pertinent part:
"For purposes of this article only, an injured employee or the employee's representative, within five days after the occurrence of an accident, shall give or cause to be given to the employer written notice of the accident."
Alabama Code 1975, § 25-5-88, provides that a verified complaint seeking benefits under the Act shall set forth, among other facts, "the knowledge of the employer of the injury or the notice to him thereof." Thus, although § 25-5-78 appears to mandate some form of written notice, the Act also contemplates that the employer's actual knowledge of the injury alternatively satisfies the notice requirement. See Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756 (1925).
Little controversy has arisen over the written-notice requirement because the Act sets out in detail the type of information that suffices to impart adequate written notice to the employer. Alabama Code 1975, § 25-5-79, provides, in pertinent part, that the written notice

*513 "shall be substantially in the following form:
"`Notice  You are hereby notified that an injury was received by.......... who was in your employ at .......... while engaged as.........., under the superintendency of .........., on or about the...... day of .........., 20 ..., at about ... o'clock, ... m., and who is now located at .......... (give town, street and number), that so far as now known, the nature of the injury was.......... and that compensation may be claimed therefor. (Signed.......... (giving address).......... dated .........., 20 ...'
"No variation from this form shall be material if the notice is sufficient to advise the employer that a certain employee, by name, received a specified injury in the course of the employment on or about a specified time, at or near a certain place specified."
By the plain terms of § 25-5-79, any written notice that informs the employer that an identified employee received an injury in the course of his or her employment on a certain date and time and at a certain location would satisfy the notice requirement of the Act. See, e.g., C.E. Adams & Co. v. Harrell, 257 Ala. 25, 57 So.2d 83 (1952).
On the other hand, the Act does not describe in any detail the "knowledge" that would adequately substitute for written notice. The appellate courts of this state have reasoned, however, that written notice is not required when all the purposes of written notice have been satisfied. See Sloss-Sheffield Steel & Iron Co. v. Foote, 229 Ala. 189, 155 So. 629 (1934). Thus, the "knowledge" alternative is satisfied when the employer promptly obtains information through sufficiently reliable means that the employee was injured by an accident at a time and place within the course of the employment so as to enable the employer to investigate the facts surrounding the injury in order to protect itself from simulated or exaggerated claims and to provide the employee immediate and proper medical care. See, e.g., James v. Hornady Truck Line, Inc., 601 So.2d 1059 (Ala.Civ.App.1992).
In Russell Coal Co. v. Williams, 550 So.2d 1007 (Ala.Civ.App.1989), this court explained the type of information that would impart sufficient "knowledge" to the employer. The court, relying on several Minnesota cases, held that "if ... the employer has some information connecting work activity with an injury, it may be put on reasonable notice to investigate further." 550 So.2d at 1012 (citing Pojanowski v. Hart, 288 Minn. 77, 81, 178 N.W.2d 913, 916 (1970), Issacson v. Minnetonka, Inc., 411 N.W.2d 865 (Minn.1987), and Greene v. W & W Generator Rebuilders, 302 Minn. 542, 224 N.W.2d 157 (1974)). This statement of the law actually reduces the quantum of information that suffices to meet the "knowledge" alternative. Whereas before Williams Alabama caselaw required that the employer receive knowledge that the employee suffered an injury at a certain time and place within the course of the employment, after Williams the "knowledge" alternative requires only that the employer receive some information that the employee received a work-related injury. The law now places a duty on the employer, once it obtains the basic information linking an injury to the employment, to investigate further to determine the time, place, and circumstances of the injury so as to enable the employer to protect itself against simulated and exaggerated claims and to provide immediate and proper medical care to the employee.
In this case, the employee asserts that the employer had "actual knowledge" that *514 the employee's injury was work related as a result of the employee's statement to his supervisor during a telephone conversation. Actually, the employee argues that he orally notified the employer of the accident. At one time, our supreme court considered oral notice by the employee to be totally inadequate under the Act because it did not meet the written-notice or knowledge requirements. See American Radiator Co. v. Andino, 217 Ala. 424, 116 So. 121 (1928). "Knowledge" did not encompass a mere oral description of the injury by the employee; rather, it referred to information gathered from direct observation by the employer, its supervisory employees, or its medical personnel. See Foote, supra. Our supreme court later softened its view when it held that oral notice of the details of the injury would be sufficient so long as the employer had other knowledge that indicated that the injury was work related. See Virginia-Carolina Chem. Co. v. Cherry, 233 Ala. 582, 173 So. 86 (1937).
Although our supreme court had not retreated from this position, and although the legislature had not amended the workers' compensation laws in any material respect, this court in 1975 declared that oral notice, standing alone, would satisfy the notice provisions of the workers' compensation laws. See Beatrice Foods Co. v. Clemons, 54 Ala.App. 150, 306 So.2d 18 (1975). After Clemons, oral notice by an employee to an employer has been treated as being synonymous with "knowledge" if it sufficiently imparts to the employer information indicating that the employee received an injury in the course of his employment, thus enabling the employer to investigate further to determine the specifics of the injury and to protect its interests. See, e.g., Ex parte Slimp, 660 So.2d 994 (Ala.1995).
After finding that the employee in this case had merely stated that he had hurt his back while "emptying the trash can," the trial court concluded that that information, when coupled with the supervisor's knowledge that the employee regularly emptied a large trash can at the end of his shift, was sufficient to place a duty on the employer to investigate further to determine if, in fact, the employee was reporting a work-related injury. In reaching that conclusion, the trial court misapplied the law. Oral notice is not sufficient if it merely relates that the employee is in pain or has a medical problem, see, e.g., Premdor Corp. v. Jones, 880 So.2d 1148 (Ala. Civ.App.2003); Fort James Operating Co. v. Crump, 947 So.2d 1053, 1067-68 (Ala. Civ.App.2005), or if the employee reports an injury that could just as easily be non-work related. See Thomas v. Gold Kist, Inc., 628 So.2d 864 (Ala.Civ.App.1993). Rather, in oral-notice cases, like other "knowledge" cases, the employee has the burden of notifying the employer that his injury is work related. Williams, supra. The employer's duty to investigate relates only to the details of the accident after the employee has provided the employer with information that the injury is work related. The employer has no duty to make the threshold determination of whether the employee is reporting a work-related injury.
By requiring the employer in this case to question the employee further to determine if the employee was, in fact, reporting that he had injured himself emptying the trash can at work as opposed to emptying his own trash can at home, the trial court erroneously relieved the employee of his primary duty to notify the employer that his injury was work related and placed the burden on the employer to establish, through investigation, whether the injury was work related. Following the reasoning of the trial court's judgment, *515 any time an employee reports an injury that could be work related, which is practically any type of orthopedic or neurological injury, the employer would have a duty to interrogate the employee to determine if, in fact, the employee is referring to an occupational injury.
As established above in the short treatment of the history of the law regarding notice, the appellate courts have gone far in reducing the statutory burden on the employee. Those efforts have been justified as a reasonable means to assure that the notice/knowledge requirement does not become a trap for the helpless and unadvised employee. See Ex parte Stith Coal Co., supra. However, the law does not place any undue hardship on even the most unsophisticated employee by demanding that the employee relate his injury to a work-related event, activity, or condition. In this case, for example, the employee easily could have told his supervisor that he injured his back "while emptying the trash can at work on Saturday night" as he testified at trial. However, because he did not, the trial court could not excuse his failure on the ground that the employer could have questioned him further to determine whether his injury was work related. In detailing the minimal information required to constitute sufficient notice in § 25-5-79, and in placing the duty on the employee to provide that information, the legislature plainly did not intend the type of inquiry the trial court's judgment contemplates. Accordingly, I concur in reversing the trial court's judgment.
THOMAS, J., concurs.