Jeanette Brown sued Brown Root, Inc., to recover benefits under the Alabama Workers' Compensation Act, after her husband, Carl M. Brown, died of a dissecting aortic aneurysm while attending a safety *Page 602 
meeting at his job site. At the time of his death, Mr. Brown was employed by Brown Root, Inc., and was working at a Champion Paper Company facility in Harris County, Texas. The trial court held that Mrs. Brown was entitled to benefits for the death of her husband. The Court of Civil Appeals affirmed, without opinion. Brown Root., Inc. v. Brown, (No. 2960368) ___ So.2d ___ (Ala.Civ.App. 1997) (table). We granted certiorari review to consider several of the issues raised by Brown Root, but, because we hold that the plaintiff did not meet the notice requirements of § 25-5-78, Ala. Code 1975, we address only the issue relating to notice.
Section 25-5-78 states:
 "For purposes of this article only, an injured employee or the employee's representative, within five days after the occurrence of an accident, shall give or cause to be given to the employer written notice of the accident. If the notice is not given, the employee or the employee's dependent shall not be entitled to physician's or medical fees nor any compensation which may have accrued under the terms of this article, unless it can be shown that the party required to give the notice had been prevented from doing so by reason of physical or mental incapacity, other than minority, fraud or deceit, or equal good reason. Notwithstanding any other provision of this section, no compensation shall be payable unless written notice is given within 90 days after the occurrence of the accident or, if death results, within 90 days after the death."
(Emphasis added.) This section requires that an employer be given written notice of a job-related injury so that the employer can "make a prompt examination, provide proper treatment, and protect itself against simulated or exaggerated claims." Russell Coal Co.v. Williams, 550 So.2d 1007, 1012 (Ala.Civ.App. 1989). However, written notice is not required if the employer had actual knowledge that the employee was injured in the scope of his or her employment. Wal-Mart Stores, Inc. v. Elliott, 650 So.2d 906,908 (Ala.Civ.App. 1994). The employer must have actual knowledge that the employee's injury was connected to the employee's work activities. Id. "The fact that an employer is aware that an employee [suffers from] a medical problem is not, by itself, sufficient to charge the employer with actual knowledge." Russell, 550 So.2d at 1012.
The plaintiff testified that, although she suspected her husband's death was related to his employment, she did not notify Brown Root or any of its employees of the possible connection. She argues that direct notice was not required, because, she contends, Brown Root had actual knowledge sufficient to put reasonable minds on notice that her husband's death was connected to his work activities.
An employer can "be put on reasonable notice to investigate [an injury] further," if the employer "has some information connecting work activity" with the employee's injury or death.Id. "The employee has the burden of proving that the employer had notice or knowledge of the injury." Wal-Mart, 650 So.2d at 908. The record contains no evidence indicating that Brown Root had actual knowledge sufficient to dispense with the statutory notice requirement. Mr. Brown's job was to supervise the construction of a tube conveyor used to transport bark between various portions of the paper plant. He was required to inspect the conveyor on a daily basis, but he did not participate in the actual construction of the unit. On the morning of his death, Mr. Brown and a fellow supervisor had spent 20 to 30 minutes inspecting a 250-foot section of the conveyor. Temperatures were moderate, and Mr. Brown died approximately 1 hour later, after being seated in an air-conditioned office building for 30 minutes. The Brown 
Root employees present that morning testified that Mr. Brown had been in good spirits and had given no appearance of physical stress or discomfort. The death certificate indicated that Mr. Brown died of a dissecting aortic aneurysm caused by a genetic condition the trial court described as cystic medial degeneration.
The information available to Brown Root appears to have indicated that Mr. Brown died of a degenerative condition that was unrelated to his employment. The record does not indicate that Brown Root had *Page 603 
cause to reasonably suspect that Mr. Brown's death could be work-related until a year later, when Mrs. Brown filed her first workers' compensation claim. One cannot recover workers' compensation benefits without meeting the notice requirements of § 25-5-78. Therefore, the judgment of the Court of Civil Appeals is reversed. This case is remanded for the Court of Civil Appeals to direct a dismissal of the action.
REVERSED AND REMANDED.
HOOPER, C.J., and ALMON, SHORES, HOUSTON, COOK, and SEE, JJ., concur.
MADDOX and LYONS, JJ., concur in the result.