BRYAN, Judge.
D & E Investments, L.L.C., d/b/a Kiva Dunes (“Kiva Dunes”), appeals from a judgment of the trial court awarding Thomas W. Singleton permanent-total-disability benefits pursuant to the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975. Because we conclude that Kiva Dunes did not receive proper notice of Singleton’s alleged work-related injury, we reverse and remand.
Singleton sued his employer, Kiva Dunes, seeking to recover workers’ compensation benefits. Singleton’s complaint alleged that he had injured his back in a workplace accident on November 8, 2003. Following a trial, the trial court entered a judgment finding that Singleton had provided proper notice of his alleged work-related injury and awarding Singleton permanent-total-disability benefits. In its judgment, the trial court made the following pertinent factual findings:
“2. [Singleton] worked as an- owner/operator of one or more convenience stores between 1986 and December of *508 2000. Following his selling his convenience stores in 2000, he next worked for ... Kiva Dunes, from October 30, 2002[,] until the time of his date of injury on November 8, 2003.
“3. While employed at Kiva Dunes, [Singleton] worked as a golf cart attendant. He testified that his job duties included the cleaning and preparation of the golf carts for use by the members of the Kiva Dunes golf club. This also included preparation of [the golf carts] after [each use] for the next person’s use, including emptying out any trash from the golf carts .... [Singleton] also testified that at the end of each day after cleaning all of the golf carts and preparing them for the next day’s use, it was part of his specified duties to take all the trash that had been emptied into a 55-gallon trash can, bring that over to a nearby dumpster-type trash container, and to empty that 55-gallon can into the trash bin. It was while he was in the performance of his duties emptying that 55-gallon trash can on the evening of November 8, 2003[,] that [Singleton] testified that he hurt his back.
“4.... [Singleton] further testified that he came back to work the following day[, November 9, 2003,] and worked his regular shift.
“5.... [Singleton] testified that he telephoned the office [on November 10, 2003,] to talk to his supervisor, Mark Stillings ....
“6. [Singleton] specifically testified that he told Mr. Stillings that he would not be able to come to work the following Friday, November 14, 2003, which was his next scheduled day to work. In particular, [Singleton] testified that he informed Mr. Stillings that the reason he would not be able to come to work that following Friday was that he had injured his back lifting the trash can.
“7. Mark Stillings also testified at trial. It is the court’s interpretation of his testimony that, although he does not recall [Singleton’s] reporting to him that [Singleton] stated that he injured his back emptying the garbage can, neither was [Stillings] able to specifically deny that [Singleton] had told him that. In short, it appeared more that Mr. Still-ings’[s] testimony was simply that he did not remember that he had been told by Mr. Singleton of the injury while emptying the trash....
[[Image here]]
“9. Mark Stillings testified at trial that he was fully aware that one of the specific duties which [Singleton] was required to perform at Kiva Dunes was the emptying of the 55-gallon trash container at the end of the day. The court hereby finds that when [Singleton] reported to Mr. Stillings that he had hurt his back while emptying the trash can, this constituted sufficient notice to [Kiva Dunes] that this was an injury which occurred within the line and scope of his employment. Under the authority of Russell Coal Company v. Williams, 550 So.2d 1007 (Ala.Civ.App.1989), the court finds that this constituted notice which was sufficient as to ‘put a reasonable man on inquiry that the injury is work-related.’
[[Image here]]
“17. ...
[[Image here]]
“(b) [Singleton] provided adequate notice to his supervisor, Mr. Mark Stillings, on the morning of November 10, 2003[,] when he reported to Mr. Stillings that he injured his back while emptying the trash can.”
Singleton’s deposition testimony, taken on August 23, 2004, was admitted into evidence at trial. In his deposition testimony, Singleton testified that he told his *509 supervisor, Mark Stillings, on November 10, 2003, that he had injured his back while “emptying the trash can.” The record on appeal also contains a transcript of an April 16, 2004, conversation between Singleton and Kiva Dunes’ workers’ compensation insurance adjuster. In that conversation, Singleton stated that he had told Stillings on November 10, 2003, that he had injured his back while “emptying the trash can.” At trial, however, Singleton testified that he had told Stillings on November 10 that he had injured his back while “emptying the trash can at work Saturday night.”
Singleton did not return to work at Kiva Dunes following his telephone conversation with Stillings on November 10, 2003. Singleton subsequently received treatment for his back injury through his employer-provided health insurer. The record indicates that Singleton made an initial claim for workers’ compensation benefits on April 1, 2004.
“In a workers’ compensation case, the Court of Civil Appeals reviews the ‘standard of proof ... and other legal issues without a presumption of correctness.’ § 25 — 5—81(e)(1), Ala.Code 1975. A trial court’s judgment in a workers’ compensation case based on pure findings of fact will not be reversed if it is supported by substantial evidence. § 25-5-81(e)(2), Ala.Code 1975. Substantial evidence is ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).”
Ex parte Prof'l Bus. Owners Ass’n Workers’ Comp. Fund, 867 So.2d 1099, 1102 (Ala.2003).
On appeal, Kiva Dunes argues that it did not receive proper notice of Singleton’s alleged work-related injury. Kiva Dunes contends that it did not receive notice of the alleged work-related injury until April 1, 2004, more than 90 days after the alleged accident of November 8, 2003. Singleton argues that the trial court correctly determined that Singleton had provided proper notice when he notified his supervisor Stillings on November 10, 2003, that he had “injured his back while emptying the trash can.”
“[Section 25-5-78, Ala.Code 1975,] provides that ‘an injured employee or the employee’s representative, within five days after the occurrence of an accident, shall give or cause to be given to the employer written notice of the accident.’ Failure to give notice, in the absence of ‘physical or mental incapacity, other than minority, fraud or deceit, or equal good reason,’ will defeat a claimant’s entitlement to medical benefits and compensation accrued before notice is ultimately provided. Id. However, § 25-5-78 also provides that ‘no compensation shall be payable unless written notice is given within 90 days after the occurrence of the accident or, if death results, within 90 days after the death’ (emphasis added). Thus, while a failure to notify an employer of an accident within 5 days of its occurrence may be excusable under certain circumstances, and will work only a partial forfeiture of benefits, a failure to effect notice within 90 days is an absolute bar to recovery under the [Alabama Workers’ Compensation] Act. See generally Ex parte Murray, 490 So.2d 1230, 1232-33 (Ala.1984). ‘The employee has the burden of proving that the employer had notice or knowledge of the injury.’ Wal-Mart Stores, Inc. v. Elliott, 650 So.2d 906, 908 (Ala.Civ.App.1994).”
United Auto Workers Local 1155 v. Fortenberry, 926 So.2d 356, 359 (Ala.Civ.App.2005).
*510 “[Section 25-5-78] requires that an employer be given written notice of a job-related injury so that the employer can ‘make a prompt examination, provide proper treatment, and protect itself against simulated or exaggerated claims.’ Russell Coal Co. v. Williams, 550 So.2d 1007, 1012 (Ala.Civ.App.1989). However, written notice is not required if the employer had actual knowledge that the employee was injured in the scope of his or her employment. Wal-Mart Stores, Inc. v. Elliott, 650 So.2d 906, 908 (Ala.Civ.App.1994). The employer must have actual knowledge that the employee’s injury was connected to the employee’s work activities. Id. ‘The fact that an employer is aware that an employee [suffers from] a medical problem is not, by itself, sufficient to charge the employer with actual knowledge.’ Russell, 550 So.2d at 1012.”
Ex parte Brown & Root, Inc., 726 So.2d 601, 602 (Ala.1998).
In Russell Coal Co. v. Williams, 550 So.2d 1007 (Ala.Civ.App.1989), this court defined “actual knowledge” as
“ ‘knowledge of such information as would put a reasonable man on inquiry.... Mere knowledge of disability following a traumatic injury is not sufficient, for the facts and circumstances of either the disability or the injury must be such as would put a reasonable man on inquiry that the disability is work-related.’ ”
550 So.2d at 1012 (quoting Pojanowski v. Hart, 288 Minn. 77, 81, 178 N.W.2d 913, 916 (1970)).
In Premdor Corp. v. Jones, 880 So.2d 1148 (Ala.Civ.App.2003), this court reversed a trial court’s judgment awarding an employee workers’ compensation benefits because, this court concluded, the employee had not given her employer proper notice of her injury. In that case, the employee, Renelda Jones, worked as a buggy loader for her employer, Premdor Corporation. 880 So.2d at 1149. As a buggy loader, Jones loaded pieces of wood used in the manufacturing of doors into carts and pushed the carts to another work station. Id. Jones argued that she had given Premdor oral notice of her alleged work-related injury within 90 days of its occurrence. Id. at 1154. This court stated:
“Jones testified that she first informed Premdor of her injury when, approximately an hour after she had allegedly sustained the injury, she informed plant manager Larry Cagle that her back was hurting. Responding to questions from her attorney, Jones testified that she told Cagle: T just said, on the day of the injury, I told him, I said, “I did something to my back,” I said, “because it hurts,” and he said, “well, you know, because everyone complains about such things.” I thought it would go away.’ Jones again related the substance of the conversation when questioned by Prem-dor’s attorney: ‘Well, I was hurting and kind of sweating, and he asked me kind of what was wrong, and I said, “Well, I did something to my back because I’m hurting,” and that was the end of the conversation.’ Jones also testified that on ... the day after she had returned to work following the initial injury, she informed her supervisor Kenny Price that she had injured her back. Specifically, Jones testified: T said, “Kenny, I have hurt my back.” ... I left and told him I had to get something done.’
“While Jones’s statements to Cagle, and later to Price, informed the Prem-dor agents that Jones had injured her back, those statements did not advise whether the injury occurred while Jones was performing her work duties. ‘The fact that an employer is aware that an *511 employee has pain or [suffers from] a medical problem is not, by itself, sufficient to charge the employer with actual knowledge.’ Russell Coal Co. [v. Williams], 550 So.2d [1007] at 1012 [ (Ala.Civ.App.1989) ]. The employer must be notified that the employee was injured in the course of her employment. E.g., Ex parte Brown & Root, Inc., 726 So.2d 601 [ (Ala.1998) ]; Russell Coal Co., 550 So.2d 1007; Bethea v. Bruno’s, Inc., 741 So.2d [1090] at 1092 [ (Ala.Civ.App.1999) ]. By failing to inform Premdor that she injured her back while at work, Jones failed to comply with the notice requirement of the Workers’ Compensation Act.”
880 So.2d at 1154-55.
In this case, the trial court found that Singleton had told his supervisor Still-ings in a telephone conversation that he had “injured his back while emptying the trash can.” The trial court found that, because Stillings knew that Singleton’s work duties included emptying a 55-gallon trash can, Singleton’s statement to Still-ings provided proper notice of Singleton’s injury. However, Singleton’s statement, like Jones’s statement in Premdor, did not indicate that the alleged injury was work related. Given the trial court’s specific determination of the content of Singleton’s statement, that statement did not provide notice of a connection between Singleton’s back injury and his employment. Although Stillings knew that Singleton’s work duties included emptying a trash can, there was nothing in Singleton’s statement that he had “injured his back while emptying the trash can” identifying the “trash can” referred to in the statement as the one at Kiva Dunes.
“Oral notice must make known to the employer not only the fact of the injury, but also that the injury occurred in the course of employment. Wal-Mart Stores[ Inc. v. Elliott], 650 So.2d [906,] 908 [ (Ala.Civ.App.1994) ]; Premdor Corp. v. Jones, 880 So.2d 1148 (Ala.Civ.App.2003).”
Fort James Operating Co. v. Crump, 947 So.2d 1053, 1067 (Ala.Civ.App.2005).
“Notice of injury is the first step in the compensation procedure, and its purpose is two-fold: ‘first, to enable the employer to provide immediate medical diagnosis and treatment in an effort to minimize the seriousness of the injury; and second, to facilitate the earliest possible investigation of the facts surrounding the injury.’ Harbin v. United States Steel Corp., 356 So.2d 179, 182 (Ala.Civ.App.1978). Without notice, the employee is not entitled to benefits .... ”
Thomas v. Gold Kist, Inc., 628 So.2d 864, 866 (Ala.Civ.App.1993).
We conclude that Kiva Dunes was not given proper notice of Singleton’s alleged work-related injury within the 90-day period prescribed by § 25-5-78, Ala.Code 1975. Accordingly, we reverse the trial court’s judgment awarding workers’ compensation benefits, and we remand the case.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, J., concur.
MOORE, J., concurs specially, which THOMAS, J., joins.