D E Investments, L.L.C., d/b/a Kiva Dunes ("Kiva Dunes"), appealed to the Court of Civil Appeals from a judgment of the trial court awarding permanent-total-disability benefits to Thomas W. Singleton pursuant to the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975. The Court of Civil Appeals concluded that Kiva Dunes did not receive proper notice of Singleton's alleged work-related injury, and it reversed the judgment and remanded the case.D E Invs., L.L.C. v. Singleton, 6 So.3d 506 (Ala.Civ.App. 2007). Singleton petitioned this Court for a writ of certiorari, alleging that the Court of Civil Appeals' decision conflicts with prior decisions of this Court and the Court of Civil Appeals condemning reversal of a trial court's judgment in a workers' compensation case if the trial court's findings are supported by substantial evidence. We reverse and remand.
 I. Factual Background and Procedural History
The Court of Civil Appeals stated the case as follows:
 "Singleton sued his employer, Kiva Dunes, seeking to recover workers' compensation benefits. Singleton's complaint alleged that he had injured his back in a workplace accident on November 8, 2003. Following a trial, the trial court entered a judgment finding that Singleton had provided proper notice of his alleged work-related injury and awarding Singleton permanent-total-disability benefits. In its judgment, the trial court made the following pertinent factual findings:
 "`2. [Singleton] worked as an owner/operator of one or more convenience stores between 1986 and December of 2000. Following his selling his convenience stores in 2000, he next worked for . . . Kiva Dunes, from October 30, 2002[,] until the time of his date of injury on November 8, 2003.
 "`3. While employed at Kiva Dunes, [Singleton] worked as a golf *Page 517 
cart attendant. He testified that his job duties included the cleaning and preparation of the golf carts for use by the members of the Kiva Dunes golf club. This also included preparation of [the golf carts] after [each use] for the next person's use, including emptying out any trash from the golf carts . . . . [Singleton] also testified that at the end of each day after cleaning all of the golf carts and preparing them for the next day's use, it was part of his specified duties to take all the trash that had been emptied into a 55-gallon trash can, bring that over to a nearby [D]umpster-type trash container, and to empty that 55-gallon can into the trash bin. It was while he was in the performance of his duties emptying that 55-gallon trash can on the evening of November 8, 2003[,] that [Singleton] testified that he hurt his back.
 "`4. . . . [Singleton] further testified that he came back to work the following day[, November 9, 2003,] and worked his regular shift.
 "`5. . . . [Singleton] testified that he telephoned the office [on November 10, 2003,] to talk to his supervisor, Mark Stillings. . . .
 "`6. [Singleton] specifically testified that he told Mr. Stillings that he would not be able to come to work the following Friday, November 14, 2003, which was his next scheduled day to work. In particular, [Singleton] testified that he informed Mr. Stillings that the reason he would not be able to come to work that following Friday was that he had injured his back lifting the trash can.
 "`7. Mark Stillings also testified at trial. It is the court's interpretation of his testimony that, although he does not recall [Singleton's] reporting to him that [Singleton] stated that he injured his back emptying the garbage can, neither was [Stillings] able to specifically deny that [Singleton] had told him that. In short, it appeared more that Mr. Stillings'[s] testimony was simply that he did not remember that he had been told by Mr. Singleton of the injury while emptying the trash. . . .
 "`. . . .
 "`9. Mark Stillings testified at trial that he was fully aware that one of the specific duties which [Singleton] was required to perform at Kiva Dunes was the emptying of the 55-gallon trash container at the end of the day. The court hereby finds that when [Singleton] reported to Mr. Stillings that he had hurt his back while emptying the trash can, this constituted sufficient notice to [Kiva Dunes] that this was an injury which occurred within the line and scope of his employment. Under the authority of Russell Coal Company v. Williams, 550 So.2d 1007 (Ala.Civ.App. 1989), the court finds that this constituted notice which was sufficient as to "put a reasonable man on inquiry that the injury is work-related."
 "`. . . .
 "`17. . . .
 "`. . . .
 "`(b) [Singleton] provided adequate notice to his supervisor, Mr. Mark Stillings, on the morning of November 10, 2003[,] when he reported to Mr. Stillings that he injured his back while emptying the trash can.'
 "Singleton's deposition testimony, taken on August 23, 2004, was admitted into evidence at trial. In his deposition testimony, Singleton testified that he told his supervisor, Mark Stillings, on November 10, 2003, that he had injured his back *Page 518 
while `emptying the trash can.' The record on appeal also contains a transcript of an April 16, 2004, conversation between Singleton and Kiva Dunes' workers' compensation insurance adjuster. In that conversation, Singleton stated that he had told Stillings on November 10, 2003, that he had injured his back while `emptying the trash can.' At trial, however, Singleton testified that he had told Stillings on November 10 that he had injured his back while `emptying the trash can at work Saturday night.'
 "Singleton did not return to work at Kiva Dunes following his telephone conversation with Stillings on November 10, 2003. Singleton subsequently received treatment for his back injury through his employer-provided health insurer. The record indicates that Singleton made an initial claim for workers' compensation benefits on April 1, 2004."
6 So.3d at 507-09. The Court of Civil Appeals concluded "that Kiva Dunes was not given proper notice of Singleton's alleged work-related injury within the 90-day period prescribed by § 25-5-78, Ala. Code 1975," and it reversed the trial court's judgment awarding Singleton workers' compensation benefits. 6 So.3d at 511.
 II. Standard of Review "`On certiorari review, this Court accords no presumption of correctness to the legal conclusions of the intermediate appellate court. Therefore, we must apply de novo the standard of review that was applicable in the Court of Civil Appeals.' Ex parte Toyota Motor Corp., 684 So.2d 132, 135
(Ala. 1996). The Court of Civil Appeals, in turn, is bound by Ala. Code 1975, § 25-5-[81](e), which provides that legal issues are to be reviewed de novo and requires that the judgment of the trial court be affirmed if its factual findings are supported by substantial evidence." Ex parte Fort James Operating Co., 895 So.2d 294, 296 (Ala. 2004).
 III. Analysis
Singleton argues that the trial court's conclusion that he provided adequate notice of a work-related injury to his supervisor was a factual finding that should not be disturbed on appeal and that, by reviewing that finding, the Court of Civil Appeals substituted its judgment for that of the trial court. Kiva Dunes argues that the only factual determination the trial court had to make was exactly what information Singleton reported to his supervisor. Kiva Dunes then argues that whether that information constituted sufficient notice under the Workers' Compensation Act is a purely legal issue.
In his special concurrence to the Court of Civil Appeals' opinion, Judge Moore discussed the trial court's resolution of the conflicting testimony offered by Singleton:
 "At trial, the parties disputed the exact wording [Singleton] used to notify [Kiva Dunes] of his back injury. On direct examination, [Singleton] testified that during a telephone conversation with his supervisor on the Monday morning following his injury, [Singleton] told the supervisor that he had injured his back while `emptying the trash can at work Saturday night.' [Kiva Dunes] objected to that testimony on the ground that it conflicted with [Singleton's] pre-trial statement to a workers' compensation insurance claims adjuster and [Singleton's] deposition testimony, in which [Singleton] had consistently stated that he merely said he had hurt his back `emptying the trash can.' The trial court overruled that objection, but it indicated that it would consider the inconsistency when weighing the evidence and determining the content of the telephone *Page 519 
conversation. After reviewing all the evidence, the trial court made a specific determination that [Singleton] had merely stated in the telephone conversation that he had injured his back `while emptying the trash can.'"
D E Investments, 6 So.3d at 512 (Moore, J., concurring specially). Singleton does not challenge the trial court's factual determination, favorable to Kiva Dunes, that Singleton told his supervisor only that he had hurt his back "emptying the trash can." Therefore, the issue presented by this case is whether the notice Singleton provided was sufficient.
In Ex parte Brown Root, Inc., 726 So.2d 601, 602
(Ala. 1998), this Court noted that § 25-5-78, Ala. Code 1975, "requires that an employer be given written notice of a job-related injury so that the employer can `make a prompt examination, provide proper treatment, and protect itself against simulated or exaggerated claims.'" (Quoting RussellCoal Co. v. Williams, 550 So.2d 1007, 1012
(Ala.Civ.App. 1989).) The Court then recognized that "written notice is not required if the employer had actual knowledge that the employee was injured in the scope of his or her employment." 726 So.2d at 602. Continuing, the Court stated:
 "The employer must have actual knowledge that the employee's injury was connected to the employee's work activities. [Wal-Mart Stores, Inc. v. Elliott, 650 So.2d 906, 908 (Ala.Civ.App. 1994).] `The fact that an employer is aware that an employee [suffers from] a medical problem is not, by itself, sufficient to charge the employer with actual knowledge.' Russell [Coal Co. v. Williams], 550 So.2d [1007,] 1012 [(Ala.Civ.App. 1989)]."
726 So.2d at 602.
Kiva Dunes insists that the notice provision of the Workers' Compensation Act, § 25-5-78, requires more information than Singleton provided in order for the notice to be considered legally sufficient. Citing James v. Hornady Truck Line,Inc., 601 So.2d 1059, 1060 (Ala.Civ.App. 1992), Kiva Dunes argues that "[e]ven as liberally construed, the [Workers' Compensation] Act still requires that the notice given by an employee to the employer (either in writing or verbally) state that: (1) an injury occurred in the course of his employment; (2) at a specified time; and (3) at a specified place." Brief of Kiva Dunes at 20. Kiva Dunes maintains, because Singleton's notice was insufficient as a matter of law, that it had no actual knowledge of his injury, that he did not provide notice that his injury was work related, and that it had no duty to investigate his alleged injury report. We do not find support for Kiva Dunes' argument in James, in which the Court of Civil Appeals stated that the notice requirements argued by Kiva Dunes applied to written notice. The Court of Civil Appeals continued:
 "Written notice is not required where it is shown that the employer had actual notice of the injury. International Paper Co. [v. Murray, 490 So.2d 1228 (Ala.Civ.App.), remanded on other grounds, 490 So.2d 1230 (Ala. 1984)]. Oral notice is sufficient to give the employer actual notice. International Paper Co. The employer must also be notified that the employee was injured while in the scope of his employment. International Paper Co. `If, however, the employer has some information connecting work activity with an injury, it may be put on reasonable notice to investigate further.' Russell Coal Co. v. Williams, 550 So.2d 1007 (Ala.Civ.App. 1989)."
601 So.2d at 1061.
In this proceeding the Court of Civil Appeals correctly embraced the definition of "actual knowledge" in RussellCoal Co., *Page 520 
in which the court defined "actual knowledge" as
 "`"knowledge of such information as would put a reasonable man on inquiry. . . . Mere knowledge of disability following a traumatic injury is not sufficient, for the facts and circumstances of either the disability or the injury must be such as would put a reasonable man on inquiry that the disability is work-related."'"
D E Investments, 6 So.3d at 510 (quotingRussell Coal Co., 550 So.2d at 1012, quoting in turnPojanowski v. Hart, 288 Minn. 77, 81, 178 N.W.2d 913,916 (1970)). Nevertheless, even though Mark Stillings, Singleton's immediate supervisor, testified that he was aware that one of Singleton's specific duties was to empty all the trash from the golf carts into a large 55-gallon trash canand then to empty that can into a Dumpster at the end of each day, and even though Singleton telephoned Stillings at his home and told Stillings that he had hurt his back "emptying the trash can," the Court of Civil Appeals concluded that that statement was insufficient to put Stillings on notice that the injury to Singleton's back was job related. Specifically, the Court of Civil Appeals stated: "Although Stillings knew that Singleton's work duties included emptying a trash can, there was nothing in Singleton's statement that he had. 'injured his back while emptying the trash can' identifying the `trash can' referred to in the statement as the one at Kiva Dunes." ___ So.3d at ___.
The Court of Civil Appeals relied on Premdor Corp. v.Jones, 880 So.2d 1148 (Ala.Civ.App. 2003), in which that court reversed a judgment of the trial court holding that the employer had received adequate notice of an employee's work-related injury. In Premdor, the court first described the employer's challenge to the weight of the evidence indicating that the injury was work related as based on the following:
 "Only two doctors . . . gave any indication that Jones had told them the injury occurred at work; evidence from the other nine medical-care providers either did not indicate how the injury occurred, indicated that Jones had said she did not know how the injury occurred, or indicated that Jones had recounted that the injury occurred at home when she was mowing the lawn. Jones's own testimony also seems to indicate that the first time she felt back pain of a significant nature was when she was mowing her mother's lawn on Saturday May 6, 2000."
880 So.2d at 1153. The Premdor court then declined to address the weight-of-the-evidence issue on the basis of the merit to the alternative argument that the employer did not receive adequate notice of the alleged injury within the time required by law because the employee stated to the plant manager only the following: "I have hurt my back."880 So.2d at 1154. In other words, the employee in Premdor did not give the employer any information as to the cause of her injury that the employer could reasonably associate with the performance of her duties at work.
In this case, certain facts are undisputed, the most significant being the commonality of knowledge as between Singleton and his supervisor that Singleton's job required him to empty a 55-gallon trash can at the conclusion of each workday and that Singleton telephoned the supervisor from home on a Monday after working the previous Saturday to say that he had hurt his back "while emptying the trash can." (Emphasis added.) Compare Premdor, in which the employee merely stated: "I have hurt my back." The trial court here concluded that such information — Singleton's telling Stillings that Singleton had *Page 521 
injured his back "while emptying the trash can" — would put a reasonable person on inquiry that the injury was work related. Although there was a conflict in the evidence as to whether Singleton had added the phrase "at work" when he testified at trial, the trial court's finding, based on ore tenus evidence, as to the content of the conversation that formed the basis of its conclusion favorable to Singleton on the sufficiency-of-the-notice issue did not include the phrase "at work." The Court of Civil Appeals found this information insufficient as a matter of law to put a reasonable person on inquiry that the injury was work related and therefore reversed the trial court's judgment.
If the facts are undisputed, and yet from the same facts reasonable persons could draw different conclusions as to the sufficiency-of-the-notice issue, then we will not substitute our judgment for that of the trial court. See, e.g.,Burlington Northern R.R. v. Whitt, 575 So.2d 1011,1021 (Ala. 1990) ("Only when the facts are such that all reasonable men must reach the same conclusion can contributory negligence be found as a matter of law."); see also RastConstr., Inc. v. Peters, 689 So.2d 781, 786 (Ala. 1996) (Kennedy, J., dissenting) ("Only if all reasonable persons would reach the same conclusion would [the status of an employee] be a question of law. Quillen v. Quillen,388 So.2d 985 (Ala. 1980)."). Here the trial court's finding as to the sufficiency of Singleton's notice is, at the least, one that a reasonable person could make. Therefore, we reverse the judgment of the Court of Civil Appeals.
To be sure, it is possible that the injury could have been sustained while Singleton was emptying a trash can at home, but the supervisor's knowledge that Singleton's duties included lifting a 55-gallon trash can supports the trial court's conclusion that the information available to Stillings should have provoked the inquiry of a reasonable supervisor as to whether Singleton meant a trash can at his house or the trash can at work. Singleton's reference to "the" trash can, not "a" trash can or "my" trash can, should have raised a question in Stillings's mind as to whether Singleton was referring to the only trash can with which they were both familiar, the 55-gallon trash can, instead of a trash can at Singleton's house with which there is no evidence that Stillings was familiar. The trial court found that the information provided by Singleton, under the circumstances of this case, should have provoked inquiry by Stillings that would have established the job-related status of Singleton's injury. We therefore do not have a record consistent only with an employer's awareness that an employee merely has pain or suffers from a medical problem, as was the case in Premdor. If that were the case, that awareness would not, by itself, suffice to provoke such inquiry. Russell Coal Co., 550 So.2d at 1012. Under the circumstances of this case, however, a reasonable supervisor, if he or she had any question as to whether "the trash can" referred to any trash can other than the one to be emptied as part of Singleton's job duties, should have made the inquiry of Singleton as to which trash can, thereby removing all doubt.
The record in this case provides the necessary support for the trial court's finding that Singleton's telephone call to his supervisor, in which he stated that he had injured his back "while emptying the trash can," coupled with the supervisor's knowledge that one of Singleton's duties was to empty the 55-gallon trash can at the end of the day, constituted adequate notice that would "put a reasonable person. on inquiry" as to whether the injury was work related. The Court of Civil Appeals erred in reversing the trial court's judgment on *Page 522 
the basis of the Court of Civil Appeals' conclusion that Singleton did not give adequate notice to Kiva Dunes of his work-related injury.
 IV. Conclusion
We reverse the judgment of the Court of Civil Appeals and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and WOODALL, STUART, SMITH, PARKER, and MURDOCK, JJ., concur.
SEE and BOLIN, JJ., dissent.